13677

BISSONETTE v. JOSEPH

(170 S. E., 467)

*Messrs. Waring & Brockinton,* for appellant,

*Mr. B. Allston Moore,* for respondent,

July 25, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This litigation grew out of a collision between plaintiff's passenger automobile bus and defendant's sedan automobile, which occurred February 21, 1932. The plaintiff, who is respondent here, began his action March 12, 1932, by serving the summons, without complaint, on defendant. The summons was filed in the office of the Clerk of Court March 16, 1932. No answer, demurrer, or notice of appearance was served on plaintiff's attorney within twenty days after the service of the summons on defendant. April 23, plaintiff's attorney filed the complaint in the Clerk's office, and April 25, he filed his affidavit of default. April 28, 1932, he called the case for trial, presented his testimony to the Court and a jury, and had a verdict for $600.00.

April 30, 1932, defendant's counsel served on plaintiff's counsel notice of appearance and demand for a copy of the complaint, and stated therein that defendant had not learned

of the filing of the complaint in the Clerk's office until April 29, 1932. Judgment was entered on the verdict May 6, 1932. May 11, following, defendant's counsel served on plaintiff's counsel notice, with grounds attached, of a motion before Hon. W. H. Grimball, resident Judge of the circuit, to open the judgment thus obtained, set aside the verdict, and cancel the judgment of record in the Clerk's office. In due time Judge Grimball filed his order overruling the motion. By permission of the Court, plaintiff's attorney was allowed to file affidavits counter to those offered by defendant in support of this motion. In one of plaintiff's counter affidavits reference was made to the fact that defendant had indemnity insurance on his automobile. To this statement defendant objected and moved that it be struck out, which motion was denied in a short order. From both orders defendant appeals. The appeal from the order overruling the motion to open the judgment and cancel it of record is based upon exceptions which embody substantially the grounds upon which the motion was predicated. Appellant's counsel in their brief state: "The main appeal herein covers two points, namely: (1) Did the plaintiff by virtue of the facts in this case have a right under the statute and rules of procedure to obtain a judgment by default against the defendant? (2) Should the defendant be relieved of the judgment on the ground of excusable neglect?"

We shall adopt that method of considering the appeal.

Appellant's contention is that under the provisions of Section 430, Code of Civil Procedure 1932, it is not mandatory upon a defendant to serve on plaintiff, or his attorney, notice of appearance, before the complaint is filed. Judge Grimball held that such notice must be served within twenty days after the service of the summons on the defendant.

Under our practice, as prescribed by the Code of Procedure, the function of the summons is to bring the defendant within the jurisdiction of the Court. The action is begun when the summons is served.

"Civil actions in the Courts of record of this State shall be commenced by service of a summons." Code. Civ. Proc. 1932, § 427; *Lee v. Storfer*, 159 S. C., 70, 156 S. E., 177.

"The purpose of the summons is to acquire jurisdiction of the person of the defendant and to give him notice of the action *and an opportunity to appear and defend.*" *State v. Sanders*, 118 S. C., 498, 110 S. E., 808, 810. (Italics added.)

Section 428 provides, *inter alia*, that the defendant shall serve his answer to the complaint within twenty days after the service of the *summons*.

Section 429 requires that the *summons* shall contain a notice that if the defendant shall fail to answer the *complaint* within twenty days after the service of the *summons* the plaintiff will apply to the Court for the relief demanded in the complaint.

It will be observed that Sections 428 and 429 presuppose that the complaint will be served with the summons, yet they provide that the defendant shall serve his answer not twenty days after the service of the complaint, but twenty days after the service of the summons. Section 430 of the Code is in these words:

"*Complaint Need Not Be Served with Summons.*—A copy of the complaint need not be served with the summons. In such case, the summons must state where the complaint is or will be filed, and if the defendant, within twenty days thereafter, causes notice of appearance to be given, and, in person or by attorney, demands, and in writing, a copy of the complaint, specifying the place within the State where it may be served, a copy thereof must, within twenty days thereafter, be served accordingly; and, after such service, the defendant has twenty days to answer."

It would seem that the language of this section is clear and unambiguous, but when it is read in connection with Sections 428 and 429 there can be no doubt that the intent of Section 430 is that defendant must

give notice of appearance and make demand for copy of the complaint within twenty days after the service of the *summons* on him.

There is authority for this interpretation. Mr. Justice Gage, delivering the unanimous opinion of this Court in the case of *Baker-Jennings Hdw. Co. v. Culp,* 105 S. C., 418, 90 S. E., 26, said this:

"The plaintiff in each of these cases recovered judgment by default against the defendant. The defendant thereafter moved to open the judgments entered thereon and for leave to answer. The motions were granted, and the plaintiffs have appealed.

"It is plain the motions ought to have been refused. A summons was served on the defendant in each case, with notice therein that a complaint would be filed in the Clerk's office. The defendant and his counsel say, by affidavit, that they inquired at the Clerk's office, and they found no complaint filed, and that they did not know any further action had been taken by the plaintiff until execution had been issued. The action was commenced when the summons was served, and it then became the defendant's duty, if he desired to contest the action, to give the plaintiff notice of appearance and demand a copy of the complaint. That is the plain direction of the Code of Procedure. The defendant did not do that, and he must abide the consequences. The orders are reversed."

It would be impossible to find an authority more apt in its similarity of facts than this case.

The case of *Stephens v. Ringling,* 102 S. C., 333, 86 S. E., 683, is not wholly similar in the facts, but recognizes the principle that the service of the summons brings the defendant within the jurisdiction of the Court, and that he must then proceed as the Code directs, and answer the complaint within twenty days after its service on him, or he is in default.

Defendant contends that he was never in default. He insists that it was obligatory on the plaintiff to file the complaint in the office of the Clerk of the Court within twenty days of the service of the summons; that defendant could then inspect it and determine whether he desired to contest the action, and if he does so desire he may demand a copy of the complaint, or not, as he pleases. The argument is ingenious, but it is not sound. The language of the Code, Section 430, is to the effect that if defendant desires, *when the summons is served on him*, to contest the action he may give notice of appearance and demand a copy of the complaint. It is a wholly reasonable assumption that when the summons is served on him, the defendant knows the nature of the cause of action and knows then whether he desires to contest it. The Code points him to the plain process by which he should proceed. If he fails to follow it, in the language of Mr. Justice Gage, "he must abide the consequences."

No notice of appearance was served in this case until after the verdict of a jury had been taken. Negotiations had been going on since the service of the summons on March 12th for the settlement of plaintiff's claim. Plaintiff's attorney on April 19th notified the agency, which was conducting these negotiations on behalf of defendant, that if the claim was not settled by April 21st judgment by default would be taken; the agency having been advised before this that defendant was in default. Still no action was taken by defendant. On the 23d of April the complaint was filed in the office of the Clerk of Court. On April 28th the plaintiff's counsel, in open Court, impaneled a jury, introduced testimony in support of his claim, and had verdict for the sum of $600-.00. It is plain beyond contention that defendant was in default.

Section 586, Code Civ. Proc. 1932, provides that in actions other than those founded on liquidated demands, "if the plaintiff prove his claim in open Court, whether itemized

or not, and the defendant shall neither answer, demur nor serve notice of appearance, the plaintiff shall have judgment for the sum sued for as in the case of liquidated demands."

The defendant was in default and plaintiff proceeded in the manner prescribed by the Code to take his judgment.

The motion to open and set aside the judgment is predicated on the further ground that the failure to demur, answer, or give notice was due to excusable neglect.

Section 495 of the Code provides that the Court may, *in its discretion,* relieve a party of a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion here rests on the ground of excusable neglect. We think the Circuit Judge has wisely exercised his discretion. When the defendant was served with the summons he did not take it to an attorney, but handed it to an agency, doubtless that one which represented the indemnity company which had insured his car, which had been in collision with plaintiff's bus. A careful reading of the affidavits and pleadings discloses that the agency was negligent, but there is no proof of excusable neglect.

This contention is without merit.

A further contention is that Judge Grimball erred in refusing to grant the motion to strike from the affidavit of plaintiff's attorney references to the fact that defendant was protected by insurance on his car. There was no error in the ruling. It is true that it has been held that it is error to admit evidence, in the trial of a case before a jury, of the fact that defendant is protected by insurance from the liability of paying damages recovered against him in the action, but the reason of the rule does not apply here. That reason is stated in the case of *Horsford v. Carolina Glass Co.,* 92 S. C., 236, 75 S. E., 533, and is approved in the case of *Pardue v. Pardue,* 167 S. C., 129, 166 S. E., 101, 104, in this language: "There can be no doubt on the bench or at the bar, that, in an action by an employee against his em-

ployer to recover damages for personal injury, both reason and authority forbid bringing into the evidence or argument the fact that defendant is protected by employer's liability insurance. Such evidence or argument has a manifest and strong tendency to carry the jury away from the real issue and to lead them to regard carelessly the legal rights of the defendant on the ground that some one else will have to pay the verdict."

We do not think that the reference to indemnity insurance in plaintiff's attorney's affidavit had any weight in determining a motion of the nature of that made in this case.

The exceptions are overruled, and the order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.