17394

Samuel W. Williams, Administrator of the Estate of Carolyn W. Ray, Deceased, Respondent, v. J. D. RAY, Jr., Appellant.

(102 S. E. (2d) 368)

*M. A. McAlister, Esq.,* of Dillon, *for Appellant,*

*S. Norwood Gasque, Esq.,* of Latta, *for Respondent,*

March 3, 1958.

Moss, Justice.

This action was instituted by Samuel W. Williams, Administrator of the Estate of Carolyn W. Ray, deceased, the respondent herein, against J. D. Ray, Jr., the appellant herein, to recover damages for wrongful death. Section 10-1951 et seq., 1952 Code of Laws of South Carolina. This action was for the benefit of the two minor children of the deceased. It appears that Carolyn W. Ray lost her life while riding with the appellant as the result of an automobile accident on February 13, 1955.

The record shows that the Summons and Complaint in this action were dated August 8, 1956. At that time the appellant was in the United States Navy. It appears that the Summons and Complaint were served upon the appellant on August 16, 1956, while he was in the Navy, by a Naval Officer. However, the appellant failed to sign a "Waiver of Military Immunity" form presented to him and, hence, no effective service of the Summons and Complaint was made at that time.

The record shows that on June 11, 1957, after the appellant had been discharged from the Navy, he went to the office of the respondent's attorney at Latta, South Carolina, for the purpose of inquiring as to the status of this action. The appellant was advised that no further action would be pursued until he was discharged from the Navy. Thereupon, the appellant advised the attorney for the respondent that he had already been discharged from the Navy. The attorney then advised the appellant that he could have the Summons and Complaint served upon him by the Sheriff or one of his deputies, or by some disinterested person, or that he could accept service. It appears that the appellant advised the attorney that he did not want the Sheriff to go to his home because his mother was in bad health and the appearance of the Sheriff might unduly excite her. The record shows that the attorney for the respondent called in his

secretary, Miss Patty Joyce Moody, and had her serve a copy of the Summons and Complaint upon the appellant. Her affidavit shows that such service was made on June 11, 1957. It also appears that at the same time and place the appellant accepted service of the Summons and Complaint, and as evidence thereof signed an "Acceptance of Service" form.

The appellant, by his affidavit, admits that Miss Patty Joyce Moody, secretary to counsel for the respondent, served the Summons and Complaint upon him, and that he signed an Acceptance of Service in order to eliminate any question as to whether or not he had been served. All of this took place on June 11, 1957 at Latta, South Carolina, in the office of Counsel for the respondent. The appellant admits that he was advised by counsel for respondent that he should mail the Summons and Complaint to his Insurance Company in Miami, Florida. He states in his affidavit "I sat down and addressed an envelope in my own handwriting and placed the Summons and Complaint in the envelope and mailed it to my Company."

It appears also that on July 12, 1957, an affidavit of default was made by the attorney for the respondent. Honorable J. Woodrow Lewis did, on July 27, 1957, enter an Order referring this default case to the Master in Equity for Dillon County, South Carolina, for the purpose of determining the issues. It appears that the issues were determined in favor of the respondent and judgment was accordingly rendered on August 3, 1957. A judgment in the sum of $5,000.00 was entered in the office of the Clerk of Court for Dillon County on August 5, 1957, pursuant to the recommendation of the Master and upon an Order of the Court of Common Pleas for Dillon County. It appears that on August 8, 1957, the appellant, through counsel, served Notice on the attorney for the respondent that he would move before the Resident Judge of the Fourth Circuit for an order setting aside the default judgment granted in this action and dismissing the Summons and Complaint

as to the appellant for want of jurisdiction, upon the grounds that there had been no proper and legal service of the Summons and Complaint upon the appellant and that he had not been personally served with due process. The appellant also gave notice that failing in the above motion, that he would move for an order setting aside the default judgment and permitting the appellant to answer, upon the ground that his default was occasioned by mistake and excusable neglect. In support of the motion, certain affidavits were thereto attached. We will hereinafter refer to these affidavits.

The motion was heard by the Honorable J. Woodrow Lewis, Resident Judge of the Fourth Circuit, and by Order dated August 28, 1957, the motion was denied. The case is before this Court on an appeal from such Order. The exceptions raise two questions: (1) Did the Circuit Judge err in finding that there was a valid service of the Summons and Complaint upon the appellant on June 11, 1957? (2) Did the Circuit Judge abuse his discretion in refusing to set aside the default judgment and permitting the appellant to serve an answer to the complaint upon the ground that the appellant's default was occasioned by mistake and excusable neglect?

It is provided in Section 10-404 of the 1952 Code of Laws of South Carolina, that:

"The summons may be served by the sheriff of the county in which the defendant may be found, or by any other person not a party to the action. * * *"

Section 10-407 of the 1952 Code of Laws of South Carolina, provides that:

"Proof of the service of the summons and the complaint or notice, if any, accompanying the same must be as follows:

"(1) If served by the sheriff, by his certificate thereof;

"(2) If served by any other person, by his affidavit thereof;

"(3) * * *

"(4) The written admission of the defendant.

"In case of service otherwise than by publication, the certificate, affidavit or admission must state the time and place of the service."

Tested by the foregoing provisions of the statute, either the personal service upon appellant by Miss Patty Joyce Moody, or the appellant's written Acceptance of Service, meet the statutory requirement for valid service. Proof of the personal service of the Summons and Complaint upon the appellant is in accordance with subdivision (2) of Section 10-407 of the Code. The Acceptance of Service signed by appellant is in accordance with subdivision (4) of said section.

It appears from the affidavit of S. Norwood Gasque, Attorney for the respondent, that a copy of the Summons and Complaint in this action was left at the home of Mr. and Mrs. Samuel W. Williams, where the appellant often visited with his two children. The appellant, by an affidavit furnished to his counsel, says that shortly after January 16, 1957, he stopped by the Williams' home and Mrs. Williams gave him the Summons and Complaint which had been left there. His affidavit, given to his counsel and attached in support of the motion to dismiss the service of the Summons and Complaint, says: "That this was the procedure that I obtained *this* Summons and Complaint, and that no sheriff or deputy sheriff, nor anyone else serve this paper on me." Apparently, counsel for the appellant has been confused and attempts to apply this affidavit and statement of the appellant to the service made upon him on June 11, 1957. Of course, the affidavit had no application to this later service. The appellant says in a later affidavit, referred to his counsel, "That they did not mention the last Summons and Complaint that was served upon me, and of which I accepted service on June 11, 1957." However, the appellant says in a later affidavit, referred he was served on June 11, 1967 in the office of counsel for the respondent.

He admits also that he signed an Acceptance of Service at such time and place.

Counsel for the appellant asserts that the Circuit Judge committed error when he permitted the filing of the Acceptance of Service as a part of the record. It is insisted that this reflects a method of service different from that on which the judgment was rendered. We do not think any error was committed by the trial Judge in permitting the filing of the Acceptance of Service. Certainly, it had to be filed because it became a part of the record when it was submitted as cumulative evidence of the fact that the appellant had been duly and properly served with the Summons and Complaint. It was before the court as an exhibit when he heard the motion to dismiss this action for lack of proper service.

The Circuit Court had a right, under Section 10-409 of the 1952 Code of Laws of South Carolina, to allow proof of service to be amended, provided that no material prejudice would result to the substantial rights of the party against whom the process issued. It is clear from the record that no material prejudice did result to the appellant because he had been properly served by Miss Patty Joyce Moody, and proper affidavit of such service was in the record. From the time of such service of the Summons as aforesaid, the Court acquired jurisdiction. Section 10-406 of the 1952 Code of Laws of South Carolina.

We conclude that the lower Court was correct in finding that there was a valid service of the Summons and Complaint upon the appellant on June 11, 1957.

We come now to the question of whether or not there was an abuse of discretion by the Circuit Judge in his refusal to grant the alternative relief sought and to open the default judgment and permit the appellant to answer.

In the recent case of *Marthers v. Hurst*, 226 S. C. 621, 86 S. E. (2d) 581, 583, where a motion was made to set aside a default judgment, this Court said:

"The motion to vacate was made under Section 10-1213 of the 1952 Code which permits the Court, in its discretion, at any time within one year after notice thereof, to relieve a party from a judgment or other proceedings 'taken against him through his mistake, inadvertence, surprise or excusable neglect.' It is well established that a motion of this kind is addressed to the sound discretion of the Circuit Judge whose ruling will not be disturbed in the absence of a clear showing of abuse of discretion. *Poston v. State Highway Department,* 192 S. C. 137, 5 S. E. (2d) 729; *Pruitte v. Burns,* 212 S. C. 325, 47 S. E. (2d) 785. It is equally well settled that it is incumbent upon the party seeking relief under this section to show (1) that the judgment was taken against him 'through his mistake, inadvertence, surprise or excusable neglect'; and (2) that he has a meritorious defense. *Savage v. Cannon,* 204 S. C. 473, 30 S. E. (2d) 70."

In the recent case of *Simons v. Flowers,* S. C., 99 S. E. (2d) 391, 393, this Court, in affirming the action of the trial Judge in refusing the motion of the defendant for permission to answer upon the ground that his default had been occasioned by mistake and excusable neglect, said:

"Section 10-609 of the 1952 Code provides that 'the court may, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this Code * * *' Discretionary power under this section is vested in the trial, not the appellate, court. In an appeal from such an order of the circuit court it is not our function, nor is it within our power, to substitute our judgment for that of the circuit judge simply because we might have reached a different conclusion had we been in his place. *Bishop v. Jacobs,* 108 S. C. 49, 93 S. E. 243; *Morgan v. State Farm Mutual Insurance Co.,* 229 S. C. 44, 91 S. E. (2d) 723. Our appellate jurisdiction in law cases is limited, by the express language of Article V, Section 4 of the Constitution of 1895, to 'the correction of errors at law'.

"As applied to a circuit court order under Section 10-609 either granting or refusing leave to answer after the expiration of the time limited by law, 'error at law' exists: (1) when the circuit judge, in issuing it, was controlled by some error of law (e. g. erroneous construction of a written agreement extending the time for answering, *McSween v. Windham,* 77 S. C. 223, 57 S. E. 847) ; or (2) where the order, based upon factual, as distinguished from legal, considerations, is without adequate evidentiary support. *Buttz v. Campbell,* 15 S. C. 614; *LeConte v. Irwin,* 19 S. C. 554; *Drummond v. Edwards,* 126 S. C. 435, 120 S. E. 366.

"The three cases last cited were concerned with the opening of default after judgment (Code 1952, Section 10-1213) ; but the same principles govern our review of circuit court orders under Section 10-609 as under that section. *Morgan v. State Farm Mutual Insurance Co., supra.* Applying them to the case at bar, we are unable to find abuse of discretion in the issuance of the order under appeal."

It appears that the motor vehicle of the appellant was covered by a liability insurance policy issued by the Equity General Insurance Company. This company had an office in Miami, Florida. The affidavit of Harry M. Walker, Secretary and Manager of the Claims Department of this insurance company, shows that the Summons and Complaint in this action were received on June 24, 1957. It is also asserted in this affidavit that the summons required an answer within twenty days "which obviously had long expired prior to its receipt at Miami, Florida, on June 24, 1957." The affidavit also recites that the summons was dated August 8, 1956. It appears that suit papers were forwarded to an attorney in Dillon and were received by such attorney on June 27, 1957, and that on said date he returned the papers to the insurance carrier, with the explanation that he was not in position to represent the appellant. It then appears by affidavit of Thomas M. Spence that he received a letter from the insurance carrier on July

8, 1957, which enclosed a copy of the summons and complaint in this action. This attorney contacted counsel for the respondent on July 10 or 11, 1957. The attorney for the respondent advised Thomas M. Spence that the defendant was in default. It appears that on July 12, 1957, Thomas M. Spence went to the office of counsel for respondent and advised him that it would be necessary for him to assign this action to local counsel so that an answer could be prepared. He was again advised that the appellant was in default, and some suggestion was made about reaching an amicable settlement, but such was never accomplished. It appears that counsel now representing the appellant was employed on August 6, 1957, to "handle the above matter for and on behalf of the defendant's insurance carrier." As is heretofore stated, the motion to set aside the service of the summons and complaint in this action was served on August 8, 1957.

The appellant, by his affidavit, admits that he received the summons, complaint and the original paper which was a "Waiver of Military Immunity". He says that these papers were served upon him on August 16, 1956 by a Naval Officer. He also says that in January, 1957 "I addressed an envelope and mailed the summons and complaint to my Insurance Company. These were an exact copy of the papers served on me on the 16th day of August, 1956, by J. V. Eskenazi, Ens., U. S. N."

The lower Court held, after considering the pleadings and the affidavits submitted, that at the time the Insurance Company received the summons and complaint at its office in Miami, Florida, "The defendant was not in default but had seven (7) days remaining in which to answer the complaint or apply for an extension of time in which to answer. Neither was done and no satisfactory explanation appears for the failure to do so. Certainly, excusable neglect is not shown."

> The appellant has failed to show wherein the trial Judge has abused his discretion in holding that excusable neglect had not been shown.

In the case of *Bissonette v. Joseph,* 170 S. C. 407, 170 S. E. 467, 469, which was an action growing out of an automobile collision, the plaintiff began his action by the service of the summons only. This summons was sent by the defendant to his insurance carrier. No notice of appearance was ever served in the case until after the plaintiff had obtained judgment. This Court, in refusing to vacate the default judgment on the ground of excusable neglect, said:

"When the defendant was served with the summons he did not take it to an attorney, but handed it to an agency, doubtless that one which represented the indemnity company which had insured his car, which had been in collision with plaintiff's bus. A careful reading of the affidavits and pleadings discloses that the agency was negligent, but there is no proof of excusable neglect."

It is always a matter of regret that a party should not have his day in court. However, in this case, the appellant was duly served with the summons and complaint. It was his duty to answer the complaint within twenty days after the service of the copy of the complaint upon him. Section 10-641, 1952 Code of Laws of South Carolina. He must suffer the consequence of his failure to answer.

The judgment below is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.