20838

FRANK ULMER LUMBER CO., INC., Appellant, v. J. D. PATTER-
SON, Respondent.

(250 S. E. (2d) 121)

*James C. Sarratt* of *Gaddy & Davenport,* Greenville, *for appellant.*

*Robert M. Ariail* of *Dillard & Mitchell,* Greenville, *for respondent.*

December 13, 1978.

GREGORY, Justice:

This appeal by Frank Ulmer Lumber Co., Inc. is from the order of the lower court setting aside a default judgment previously entered against respondent J. D. Patterson. The issue is whether the lower court erred by finding that an unverified letter delivered by Patterson to counsel for appellant was a sufficient answer to the complaint. We affirm.

This action was initiated on January 30, 1978 by personal service of the summons and verified complaint on Patterson. The complaint requested judgment against Patterson in the amount of one thousand sixty four and 84/100 ($1,064.84) dollars, representing the balance due upon an open account, plus an attorney's fee and costs.

The next day, January 31, 1978, Patterson had delivered a letter denying the debt to the offices of appellant's counsel. The letter was not verified. Patterson's letter of January 31, 1978 reads as follows:

To whom it may concern,

I James D. Patterson state that I do not owe Frank Ulmer Lumber Co. for any material. I made four request for them not to charge or to let anyone to charge or pick up any materials an charge it to me. To remove my charge card from their files and destroy it, however they continued to let people charge materials to me. I have bills as proof of the above statements and bills for over charges. Prices agreed upon for Lot nos. 12 and 13 High Chapperell Sub Division for materials was over charged over one thousand dollars. I am

ready to go to court at any time to prove my case and I will will sue anyone for damages to my name and reputation. Patterson made no other response to the complaint.

On March 7, 1978 appellant was granted a default judgment against Patterson in the amount prayed for in the complaint plus costs and interest. The judgment by default was granted on the basis of the affidavit of counsel for appellant that Patterson had filed no answer, demurrer or notice of appearance.

Patterson noticed a motion on April 13, 1978 to set aside the default judgment under Section 15-27-130, 1976 Code of Laws of South Carolina. A hearing on that motion was held on April 20, 1978, and by order of the lower court dated April 21, 1978 the judgment by default was set aside and Patterson was given twenty (20) days to file an amended answer. This appeal by appellant followed.

■ A motion to set aside a judgment by default is addressed to the sound discretion of the trial judge whose ruling will not be disturbed by this Court in the absence of a clear showing of abuse of discretion. *University of South Carolina Federal Credit Union v. Moye*, 270 S. C. 199, 241 S. E. (2d) 558 (1978).

Appellant contends the lower court erred by holding that Pattersons letter was a sufficient answer because: (1) the letter was not verified and (2) Patterson did not comply with the requirements of Circuit Court Rule 13 and Circuit Court Rule 26. Appellant does not contest the lower court's finding that Patterson possesses a meritorious defense to the action.

■ It is true the letter was not verified as required by Section 15-13-30, 1976 Code, but this defect was waived when appellant's counsel accepted the letter without objection and failed to return the letter to Patterson. *Davis v. Davis*, 236 S. C. 277, 113 S. E. (2d) 819 (1960) ; *Southern Cotton Oil Co. v. Lightsey*, 100 S. C. 41, 84 S. E. 301 (1915).

Circuit Court Rule 13 requires that all pleadings be endorsed with the title of the cause. Rule 13 provides no sanction for failure to meet this requirement. Circuit Court Rule 26 requires that a copy of all pleadings be filed with the clerk of court within ten (10) days after service. Subsection (10) of Rule 26 provides that "failure to comply with the requirements of this Rule shall subject the party so failing to penalties as for contempt of court." Although Patterson's letter met neither of these requirements, suffice it to say the proper sanction to be imposed for failure to comply with Rule 13 and Rule 26 is not judgment by default.

We find no abuse of discretion in the trial judge's decision to set aside the judgment by default.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ. concur.