21024

The DM COMPANY, INC., Respondent, v. The NYCOIL COMPANY, d/b/a the DM Company, Appellant.

(257 S. E. (2d) 499)

*R. W. Dibble, Jr.* and *Elizabeth Van Doren Thompson,* of *McNair, Konduros, Corley, Singletary & Dibble,* Columbia, *for appellant.*

*John A. Hagins, Jr.,* of *Horton, Drawdy, Marchbanks, Chapman & Brown,* Greenville, *for respondent.*

August 7, 1979.

GREGORY, Justice:

Respondent, the DM Company, Inc., brought this action against appellant The Nycoil Company, d/b/a The DM Company to permanently enjoin appellant from using the name "The DM Company." Respondent also sought actual damages proximately caused by appellant's allegedly improper use of the name. This appeal is from an order of the lower court refusing to vacate the judgment by default and

award of damages entered against appellant. We hold the lower court erred by refusing to vacate the default judgment and reverse.

This action was initiated on December 7, 1976 by service of a summons and complaint and a rule to show cause. Appellant was ordered by the rule to appear on December 14, 1976 to show cause why a temporary injunction should not be issued.

Frank J. Rogers, President of The Nycoil Company, appeared without counsel at the hearing before Judge James E. Moore on the rule to show cause. After being placed under oath Mr. Rogers denied the allegations of the complaint and presented an affirmative defense. At the close of the hearing respondent withdrew its motion for a temporary injunction.

Appellant did not respond to the complaint with a formal pleading.

On December 28, 1976, twenty-one days after the service of the summons and complaint, respondent filed an affidavit of default which states in part:

That the defendant has not filed an answer, demurrer or notice of appearance within the time required by law and that the time for answering, demurring or otherwise pleading has expired and the said Defendant is in default.

A default hearing was conducted before Judge James H. Price on February 7, 1977 without notice to appellant. Judge Price was not informed of appellant's appearance and testimony at the earlier rule to show cause hearing. After testimony was presented by respondent, the trial judge entered judgment by default against appellant and awarded respondent fifty thousand ($50,000.00) dollars actual damages. The order of default is silent on the issue of injunctive relief.

One year and fourteen days later, respondent initiated supplemental proceedings against appellant to enforce the default judgment. Appellant moved to vacate the default judgment

on the ground the judgment had not been granted in compliance with the Section 15-35-310, 1976 Code of Laws of South Carolina. The lower court denied the motion and this appeal followed.

Appellant contends on appeal that the sworn testimony given by Mr. Rogers at the rule to show cause hearing constituted an answer sufficient to preclude judgment by default under Section 15-35-310. We agree.

Section 15-35-310 authorizes the entry of judgment by default only if a defendant fails to timely answer or demur to a complaint. An answer or demurrer must be served within twenty days after service of the complaint. Section 15-13-310, 1976 Code. The answer must contain a denial of each material allegation of the complaint controverted by the defendant and a statement of any new matter constituting a defense. Section 15-13-420, 1976 Code. If the complaint is verified, the answer must be verified. Section 15-13-30, 1976 Code. Circuit Court Rule 13 requires that the answer be endorsed with the title of the cause and Circuit Court Rule 26 requires that a copy of the answer be filed with the Clerk of Court within ten days after service.

Here, appellant appeared through its President Mr. Rogers at the rule to show cause hearing which was conducted within twenty days after service of the complaint. At the hearing, Mr. Rogers controverted each material allegation of the complaint and made a statement of new matter constituting an affirmative defense. Mr. Rogers' testimony at the hearing was given under oath.

The primary purpose and object of a pleading is to advise the opposite party of the issues it will be called upon to meet. *Corley v. Centennial Construction Co.,* 247 S. C. 179, 146 S. E. (2d) 609 (1966). The oral response to the complaint by Mr. Rogers at the rule to show cause hearing more than adequately complied with this substantive requiremnet. The need for verification was met when Mr. Rogers was sworn

and testified before a court of record, and it is clear from the record that respondent had actual notice of both the existence and the contents of Mr. Rogers' response to the complaint.

While it is true that Mr. Rogers' response did not comply with Circuit Court Rules 13 and 26, we recently held in *Frank Ulmer Lumber Co., Inc. v. Patterson,* S. C., 250 S. E. (2d) 121 (1978) that the failure of a defendant to comply with these two rules would not entitle the plaintiff to judgment by default.

The principal deficiency in appellant's response to the complaint is that it was never reduced to a formal pleading. We are of the view that this failure of appellant should not preclude a trial of the case on the merits. Although our statutes clearly contemplate the use of formal pleadings, the harsh result of judgment by default is not the proper tool to reprove the failure of a party to use formal pleadings.

On these singular facts we hold that appellant's timely response to the complaint, given under oath in court, was an answer sufficient to preclude judgment by default under Section 15-35-310.

Accordingly, the order of the lower court refusing to set aside the judgment by default and award of damages is reversed, and the case is remanded to the lower court for further proceedings consistent with this opinion.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.