1960

NEW HAMPSHIRE INSURANCE COMPANY, Respondent v. The BEY CORPORATION, The Family Court of Darlington County and Judy Lyles Yarborough Defendants, of whom The Bey Corporation is, Appellant.

(435 S.E. (2d) 377)

Court of Appeals

*Frederick K. Jones,* Florence, *for appellant.*

*Royann Russ Murray* and *J. Douglas Nunn, Jr., Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondent.*

Heard Jan 18, 1993; Decided Mar. 1, 1993.

Reheard May 19, 1993; Decided Aug. 23, 1993.

Reh. Den. Oct. 6, 1993.

CURETON, Judge:

In this mortgage foreclosure action, the special referee granted foreclosure against the Bey Corporation (Bey). Bey appealed. In *New Hampshire Insurance Co. v. Bey Corp.*, Op. No. 1960 (S.C. Ct. App. filed March 1, 1993) (Davis Adv. Sh. No. 6 at 11), this Court affirmed the trial court's finding that it had personal jurisdiction over the defendant. After rehearing this case on Bey's petition for rehearing, we withdraw that opinion and substitute this opinion.

Bey asserts the trial court did not have personal jurisdiction over it because James T. Yarborough, Jr. (Yarborough), its president, and sole officer and shareholder, was not personally served with process in accordance with Rule 4(d)(3), SCRCP, and S.C. Code Ann. § 15-9-210(c) (1976) as amended. In our prior opinion, we found it unnecessary to address that argument in view of our conclusion that Bey had made a voluntary appearance pursuant to Rule 4(d) by presenting evidence on the merits at the foreclosure hearing.

After hearing arguments at rehearing and a further review of the record, we are convinced Bey's appearance at the foreclosure hearing was limited to setting aside the default and was not a voluntary appearance as contemplated by Rule 4(d). At the foreclosure hearing, New Hampshire objected to Bey participating in the hearing because Bey was in default.[1] Thereafter, the thrust of Bey's presentation of evidence addressed the requirement of showing a basis for setting aside the default.

---

[1] Bey did not make a formal motion. However, when new Hampshire's attorney reminded the special referee that Bey had not made a motion, the referee indicated that he would "adjourn" the reference hearing to permit the filing of the motions, "[o]r we will go forward." Counsel replied "[n]o thank you," and the hearing proceeded.

Admitted, the record is confusing as to Bey's participation and status at the proceeding before the special referee. The order of reference indicates Bey was in default. The referee's order for judgment, now under appeal, also states "[Bey] moved to vacate the default and sought relief from the default . . . pursuant to the [SCRCP] including Rules 59 [sic] and 60. I conclude there is no grounds for granting this motion. Therefore, the relief sought is denied."

As pertains to the efficacy of service, New Hampshire attempted to serve Bey by leaving a copy of the summons and complaint with a person of discretion at Yarborough's residence. Although such service might have been effective against Yarborough as an individual, it was ineffective against Bey. Rule 4(d)(3), SCRCP; 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1101, at 103 (1987). Accordingly, the trial court's finding that Bey was properly served with process is erroneous and is reversed.

Having determined that service was defective and Bey did not make a voluntary appearance, we must consider whether the special referee should have set aside the default.

Under Rule 55(c), SCRCP, a default may be set aside "for good cause shown." On the other hand, the criteria for obtaining relief from judgment mandates a showing, *inter alia*, of mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation, or "other misconduct of an adverse party." Rule 60(b), SCRCP. As a practical matter, these factors are relevant under both rules. "The promptness with which relief is sought, the reasons for the failure to act promptly, the existence of [a] meritorious defense, and the prejudice to the other parties are relevant." Harry M. Lightsey & James F. Flanagan, *South Carolina Civil Procedure* 82 (1985) (citation omitted). The decision to set aside a default is within the discretion of the trial judge and will not be reversed on appeal absent an abuse of discretion. *Id.*

Our decision is made more difficult because although the special referee denied Bey relief from "default" pursuant to "Rules 59 [sic] and 60," he nonetheless

---

Clearly, there had not been entry of a default judgment, which would have brought into play the requirements of Rule 60. However, Bey's counsel does suggest he had the burden of showing "mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud" as a prerequisite for setting aside the default. He further noted: "At this time I'm setting the basis to [set aside the default] accordingly." The latter requirements, of course, are prerequisites for relief under Rule 60(b) SCRCP.

In spite of the above indications of Bey's default, and the special referee's ruling that he would not relieve Bey of its default, the referee, in his order on rehearing, held for the first time that Bey had made a voluntary appearance in the case. It was inconsistent for the referee to hold Bey in default and at the same time find it had made a voluntary appearance in the case.

fully discusses the issues on the merits in his foreclosure order and his order disposing of Bey's Rule 59(e) motion. Nevertheless, because the special referee's assertion of personal jurisdiction over Bey was based on erroneous findings that Bey had been properly served with process and had made a voluntary appearance at the foreclosure hearing, his merit findings must be disregarded. *See Mobley v. Bland,* 200 S.C. 448, 459, 21 S.E. (2d) 22, 26 (1942) (to have jurisdiction over the entire case, the court must have both personal and subject-matter jurisdiction); 21 C.J.S. *Courts* § 39 (1990) (jurisdiction of the person is essential to the power of a court to determine a legal controversy). We, thus, hold the special referee abused his discretion in failing to relieve Bey of his default.

We recognize there may be some validity to New Hampshire's assertion that Bey fully presented its defenses to the special referee and the referee simply found them to be without merit. However, we have no way of knowing whether this assertion is true. We view the record as reflecting Bey's presentation was intended to demonstrate good cause for setting aside the default.

Accordingly, the decision of the special referee is reversed and the case remanded to the trial court for entry of an order permitting Bey to answer and plead in the case.[2]

Reversed and remanded.

GOOLSBY, J., and BRUCE LITTLEJOHN, Acting Judge, concur.

---

[2] This is the only relief sought by Bey.