547 S.E.2d 894

**Debra F. HILL, Respondent,**

v.

**Norman Dwayne DOTTS, Appellant.**

**No. 3347.**

Court of Appeals of South Carolina.

Heard March 6, 2001.

Decided May 29, 2001.

Michael M. Nunn, of Aiken, Nunn, Elliott & Tyler, of Florence, for appellant.

Gary I. Finklea, of The Hyman Law Firm, of Florence, for respondent.

CURETON, Judge:

In this default action, Norman Dotts appeals from the entry of a default judgment. We affirm.

## FACTS/PROCEDURAL BACKGROUND

On January 27, 1999, Debra Hill and Norman Dotts were involved in an automobile accident in Florence, South Carolina. Allegedly, Dotts entered an intersection against a red light and collided with Hill. At the time of the accident, Dotts was driving his uncle's car with his uncle as a passenger. As a result of the accident, Hill and her son were injured and her car was damaged beyond repair.

On April 29, 1999, Hill filed a summons and complaint against Dotts. Dotts was served on May 10, 1999. In a cover letter, Hill's attorney instructed Dotts to contact his insurance agent.

On May 17, 1999, Dotts's mother wrote Hill's attorney a letter on Dotts's behalf. The letter stated:

> In answer to your Complaint, I did not have insurance. I was driving my uncle's car. I am very sorry about Mrs. Hill and my uncle. It wasn't something I had planned to happen.

Other than the above-referenced letter, Dotts did not answer the summons and complaint.

On June 24, 1999, Hill filed a motion for entry of default against Dotts pursuant to Rule 55(a), SCRCP. Hill also requested a default judgment against Dotts under Rule 55(b)(2) and asked that the matter be referred to a special referee for a damages hearing. The circuit court granted Hill's motion.

On August 3, 1999, the special referee held a damages hearing. Although provided with notice of the hearing, Dotts did not appear. By order dated August 4, 1999, the special referee awarded Hill $20,000 for personal injury and $8,081 for property damage.

After receiving the special referee's order, Dotts filed a Motion for Relief from Default Judgment under Rule 60(b), SCRCP arguing the May 17th letter was a timely answer or, alternatively, the judgment should be set aside on the ground of mistake, inadvertence, surprise, or excusable neglect upon the showing of a meritorious defense. After a hearing, the circuit court denied the motion. This appeal followed.

## LAW/ANALYSIS

The power to set aside a default is exercised within the sound discretion of the trial court whose decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion. *Frank Ulmer Lumber Co. v. Patterson,* 272 S.C. 208, 250 S.E.2d 121 (1978); *Estate of Weeks,* 329 S.C. 251, 495 S.E.2d 454 (Ct.App.1997). "An abuse of discretion in setting aside a default judgment occurs when the judge issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support." *Estate of Weeks,* 329 S.C. at 259, 495 S.E.2d at 459.

### Consideration of the May 17th Letter As An Answer

Dotts argues the circuit court erred in entering a judgment of default against him because the May 17th letter to Hill's attorney constituted an answer to the complaint.

Fundamentally, an answer is "[t]he response of a defendant to the plaintiff's complaint, denying in part or in whole the allegations made by the plaintiff." *Black's Law Dictionary* 91 (6th ed.1991). In form, an answer "shall state in short and plain terms the facts constituting his defenses to each cause of action asserted and shall admit or deny the averments upon which the adverse party relies." Rule 8(b), SCRCP. Furthermore, each denial "shall fairly meet the substance of the averments denied." *Id.* Where the defendant "is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial." *Id.* As with all pleadings, an answer "shall be so construed as to do substantial justice to all parties." Rule 8(f), SCRCP.

Dotts maintains his May 17th letter qualifies as an answer pursuant to our supreme court's decision in *Frank Ulmer Lumber*, 272 S.C. 208, 250 S.E.2d 121. We disagree.

In *Frank Ulmer Lumber*, the plaintiff-lumberyard brought an action against a defendant-contractor to collect the balance owed on the contractor's account. In response to the lumberyard's summons and complaint, the contractor hand delivered a letter to the lumberyard's attorney which expressly denied owing any money to the lumberyard and set forth specific reasons why he was not responsible for the purported debt. Thereafter, the lumberyard obtained a default judgment against the contractor on the ground that the contractor had not answered the complaint. The circuit court later set aside the default judgment and allowed the contractor to file a proper answer. In upholding the lower court, the supreme court held that although the letter failed to meet the endorsement and filing requirements of a proper answer, "suffice it to say the proper sanction to be imposed for failure to comply [with the pre-SCRCP pleading requirements] is not judgment by default." *Id.* at 211, 250 S.E.2d at 123.

The instant action is factually distinguishable from the *Frank Ulmer Lumber* decision in that the letter at issue there expressly denied the plaintiff's allegations, whereas the letter *sub judice* does not. Dotts's letter does not mention or deny any of the fourteen specific allegations of negligence and recklessness set forth in Hill's complaint. Instead, the letter

merely offers an apology for the accident. Even under the liberal standard of *Frank Ulmer Lumber,* such a reply does not constitute a denial, either specific or general, to Hill's allegations. Accordingly, the circuit court properly refused to consider it as such.

### *Consideration of the May 17th Letter As An Appearance*

■ Dotts also maintains the May 17th letter was a general appearance, entitling him to notice of the default judgment hearing. This issue is not preserved for appellate review as it was not addressed in the circuit court's order. *See Tupper v. Dorchester County,* 326 S.C. 318, 487 S.E.2d 187 (1997) (holding that an issue must be raised to and ruled upon by the trial court to be preserved for appellate review). The only place in the record where the letter is discussed as an appearance is where Hill's attorney argues it is not an answer, but is, at most, a notice of appearance. This statement by Hill's attorney is insufficient for appellate review of the issue. *See Germain v. Nichol,* 278 S.C. 508, 299 S.E.2d 335 (1983) (holding that an appellant has the burden of providing the court with a sufficient record upon which to make a decision).

### *Setting Aside Default Judgment on Grounds of Mistake and Excusable Neglect*

Finally, Dotts argues the circuit court should have set aside the default judgment pursuant to Rule 60(b), SCRCP because his failure to answer the complaint was the result of mistake and excusable neglect. We disagree.

■ A "court may relieve a party or his legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect...." Rule 60(b)(1), SCRCP. In determining whether a default judgment should be set aside under Rule 60(b)(1), "[t]he promptness with which relief is sought, the reasons for the failure to act promptly, the existence of [a] meritorious defense, and the prejudice to the other parties are relevant." *New Hampshire Ins. Co. v. Bey Corp.,* 312 S.C. 47, 50, 435 S.E.2d 377, 379 (Ct.App.1993) (quoting Harry M. Lightsey &

James F. Flanagan, *South Carolina Civil Procedure* 82 (1985)).[1]

Dotts has failed to satisfy the fourth factor, the reason for the failure to act promptly. He erroneously believes his failure to understand the legal process is a sufficient reason to excuse his tardy reply. We disagree.

"[A] party has a duty to monitor the progress of his case. Lack of familiarity with legal proceedings is unacceptable and the court will not hold a layman to any lesser standard than is applied to an attorney." *Goodson v. Am. Bankers Ins. Co.*, 295 S.C. 400, 403, 368 S.E.2d 687, 689 (Ct.App.1988). "It is always a matter of regret that a party should not have his day in court. However, ... [where] the appellant was duly served with the summons and complaint, [i]t was his duty to answer the complaint.... [Therefore,] [h]e must suffer the consequence of his failure to answer." *Williams v. Ray*, 232 S.C. 373, 383–84, 102 S.E.2d 368, 373 (1958); *see also Bissonette v. Joseph*, 170 S.C. 407, 170 S.E. 467 (1933) (refusing to vacate a default judgment on the ground of excusable neglect where the defendant in an automobile collision case forwarded the summons to his insurance carrier which then failed to serve notice of appearance until after the plaintiff had obtained judgment). Accordingly, Dotts's failure to understand the legal process is not excusable neglect under Rule 60(b).

---

1. The default factors were originally utilized to help determine whether an *entry of default* should be set aside for "good cause shown" pursuant to Rule 55(c), SCRCP. *Wham v. Shearson Lehman Bros.*, 298 S.C. 462, 381 S.E.2d 499 (Ct.App.1989). Later, they were also found to be relevant in determining whether a *default judgment* should be set aside pursuant to Rule 60(b), SCRCP. *New Hampshire Ins. Co.*, 312 S.C. 47, 435 S.E.2d 377. Although applicable to both rules, the factors are applied with greater liberality within the context of Rule 55(c) vis-à-vis Rule 60(b). *See* 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice & Procedure: Civil* § 2694 at 117 (3d ed. 1998) ("[C]ourts uniformly consider [the factors] ... when determining whether to set aside default entries as well as default judgments. Of course, in practice the requirements are more liberally interpreted when used on a motion for relief from a default entry."). The disparate application of the default factors reflects the different standards of the two rules. "The standard for granting relief from an entry of default is good cause under Rule 55(c) ... while the standard is more rigorous for granting relief from a default judgment under Rule 60(b)...." *Ricks v. Weinrauch*, 293 S.C. 372, 374, 360 S.E.2d 535, 536 (Ct.App. 1987).

■ Dotts also maintains his belief that he was uninsured was a sufficient reason to set aside the default judgment; however, his insured status was not relevant to the allegations set forth in the complaint. Therefore, a mistake concerning the existence of insurance coverage for the accident was not germane to his failure to answer.

Because Dotts failed to answer the complaint and did not have sufficient grounds to set aside the default judgment under Rule 60(b)(1), SCRCP, the order of the circuit court is

**AFFIRMED.**

HEARN, C.J. and SHULER, J., concur.