607 S.E.2d 358

PAUL DAVIS SYSTEMS, INC., Appellant,

v.

DEEPWATER OF HILTON HEAD, LLC, Columbia
Construction Services Company, Inc., and
Andrew Batten, Respondents.

No. 3905.

Court of Appeals of South Carolina.

Heard Sept. 16, 2004.
Decided Dec. 6, 2004.

Sean Michael Bolchoz and James O. Hale, both of Hilton Head Island, for Appellant.

Edward E. Bullard and John R.C. Bowen, both of Hilton Head Island; and Robert C. Calamari and William Jerad Rissler, both of Myrtle Beach, for Respondents.

HEARN, C.J.:

Paul Davis Systems, Inc. ("Davis") sought to foreclose on a mechanic's lien against Deepwater of Hilton Head ("Deepwater"). The trial judge directed Deepwater's property be sold to satisfy the mechanic's lien, but subsequently granted Deepwater's motion for relief from judgment and dismissed Deepwater as a party. Davis asserts the trial court erred in (1) granting Deepwater's motion for relief from judgment and (2) ruling upon defenses offered through a post-trial motion. We reverse.

## FACTS

Pursuant to a work authorization order entered into on April 6, 1999, Davis agreed to perform certain subcontracting services for Columbia Construction Services ("Columbia"), a general contractor, to make improvements to real property owned by Deepwater. Though Deepwater owned the property being renovated, Columbia had been retained as the project's general contractor by C.A. Muer Corporation ("Muer"). Muer was leasing the property from Deepwater for use as a seafood restaurant.

At some point during the project, a dispute arose between Davis and Columbia regarding payment for labor. Davis served a notice and certificate of mechanic's lien on Deepwater on September 28, 1999, followed by service of a summons and complaint on October 4, 1999. Davis's complaint asserted a cause of action against Columbia for breach of contract in which Davis sought damages of $37,721.00, and a separate claim for foreclosure of a mechanic's lien against Deepwater's real property. Neither the mechanic's lien nor the complaint was served on Muer or named Muer as a party. However, Deepwater provided a copy of the complaint to Muer and directed Muer to release Deepwater's property from the lien.

In order to release the property from the lien, Columbia, at Muer's request, posted a mechanic's lien bond dated October 28, 1999 in the amount of one and one-third times the amount claimed by Davis. Deepwater received a copy of a letter from Columbia's attorney, Ann Marscher, to Davis's attorney referencing attached unsigned copies of a discharge of mechanic's lien, cancellation of lis pendens, and a stipulation of dismissal[1] between Columbia and Davis and a copy of the bond to discharge the construction lien filed with the Beaufort County Register of Deeds.

Although Columbia answered Davis's complaint by filing a general denial, Deepwater failed to respond to the complaint. As a consequence, Davis moved for an order of default against Deepwater and for release of the bond. Deepwater responded through attorney Marscher by filing an answer and opposing Davis's default motion. Although default had not been entered against Deepwater at this point, Deepwater styled this motion as a motion to set aside default based on Rule 55 and 60(b), arguing mistake, inadvertence, or excusable neglect on the part of attorney Marscher. Marscher stated in her affidavit that Deepwater failed to file an answer based on the mistaken belief that Deepwater had been discharged upon the filing of the bond and based on the mistaken impression that Davis's counsel would consent to the dismissal of Deepwater. By order entered April 3, 2000, the trial court denied Davis's motion for default and allowed Deepwater to answer as previously filed. A subsequent answer to Davis's second amended complaint filed on behalf of all defendants, including Deepwater, added as a defense that Deepwater's property had been discharged from the suit by the posting of the surety bond.

The matter proceeded to a bench trial, and the judge entered an order awarding Davis a total of $54,168.89 on the breach of contract claim. Because the court's order made no mention of the mechanic's lien, Davis filed a motion to amend, asking the court to authorize foreclosure on the lien against Deepwater's property. The trial judge granted the motion through an order invalidating the surety bond, finding that

---

1. Copies of the discharge of mechanic's lien, cancellation of lis pendens, and stipulation of dismissal do not appear in the record on appeal.

Deepwater failed to comply with the conditions of South Carolina Code section 29–5–110 (Supp.2003) for the discharge of a lien from real property by the posting of a bond because the surety that executed the bond was not licensed to do business in South Carolina. The order also directed Deepwater's property be sold to satisfy Davis's mechanic's lien.

On May 30, 2002, with the scheduled foreclosure sale of its property mere days away, Deepwater filed an emergency motion asking for relief from the judgment pursuant to Rule 60, SCRCP.[2] Deepwater argued that it should be relieved from the order entitling Davis to foreclose on the lien against its property based on mistake, inadvertence, surprise, or excusable neglect pursuant to Rule 60(b)(1). Deepwater asserted that it neither received nor was served with any papers to put it on notice that an action was pending against it and never engaged counsel because it reasonably relied on the copy of the letter from Marscher to Davis's attorney referencing the discharge of mechanic's lien, cancellation of lis pendens, stipulation of dismissal, and surety bond. Deepwater further argued it was denied an opportunity to represent its interests during the bench trial because it reasonably believed it had been dismissed from the suit by the surety bond filed by Columbia. Deepwater also introduced its lease with Muer and argued that because it was Muer rather than Deepwater that entered into the construction contract with Columbia, Davis's lien should encumber Muer's leasehold interest rather than the real property owned by Deepwater.

By order entered February 5, 2003, the trial judge concluded the lack of a contractual relationship between Deepwater and Davis precluded Davis from encumbering Deepwater's real property with a valid mechanic's lien. Having so concluded, the court dismissed Deepwater from the suit and released its property from Davis's lien. The court set aside the previous award of attorney's fees in Davis's favor based on the assertion of the lien and permitted Deepwater to apply for

---

2. Deepwater's motion was captioned "Notice of Emergency Motion and Emergency Motion for Stay and for Alternate Forms of Relief Pursuant to SCRCP Rules 17, 19, 21, 59, 60, 62, 67 and Memorandum in Support of Motion." The motion ruled upon by the trial judge and relevant to this appeal is Deepwater's Rule 60(b) motion for relief from final judgment.

costs and attorney's fees incurred in defending against Davis's lien. Davis appeals.

## LAW/ANALYSIS

Davis contends the trial judge erred in granting Deepwater relief based on excusable neglect and in considering and ruling upon defenses available to Deepwater prior to trial but asserted only by post-trial motion. Deepwater alleges it was entitled to relief from the judgment under Rule 60(b)(1) because although its interests were represented by attorney Marscher, it was not aware that it was represented, never engaged counsel, and reasonably believed it had been discharged from the lien. We disagree with Deepwater and reverse the decision of the trial judge.

Rule 60(b)(1), SCRCP, allows a party to seek relief from a final judgment or order on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Relief under this section lies within the sound discretion of the trial judge and will not be reversed on appeal absent an abuse of discretion. *See Thompson v. Hammond,* 299 S.C. 116, 119, 382 S.E.2d 900, 902–03 (1989). "Such an abuse arises when the judge issuing the order was controlled by an error of law or when the order, based upon factual conclusions, is without evidentiary support." *Id.* at 119, 382 S.E.2d at 903. It is incumbent upon the party seeking relief pursuant to Rule 60(b)(1) to show the applicability of one of the qualifying grounds. *See Williams v. Ray,* 232 S.C. 373, 381, 102 S.E.2d 368, 371 (1958) (referencing the statutory relief from judgment for mistake, inadvertence, surprise or excusable neglect available prior to the adoption of the South Carolina Rules of Civil Procedure).

As an initial matter, we find Deepwater's belief that it had been discharged from the lien based on Marscher's letter to Davis's attorney was unreasonable and does not amount to "mistake, inadvertence, surprise, or excusable neglect," warranting relief under Rule 60(b), SCRCP. As we have long held, "a party has a duty to monitor the progress of his case." *Hill v. Dotts,* 345 S.C. 304, 310, 547 S.E.2d 894, 897 (Ct.App. 2001) (quoting *Goodson v. Am. Bankers Ins. Co.,* 295 S.C. 400, 403, 368 S.E.2d 687, 689 (Ct.App.1988)). We note that Deep-

water was not the intended recipient of the letter, and the copies of the discharge of mechanics lien, cancellation of lis pendens, and stipulation of dismissal to which the letter referred had not been executed and were unsigned. In addition, the bond to discharge the construction lien referenced in the letter was later determined to be invalid because it did not comply with the statutory prerequisites. *See* S.C.Code Ann. § 29-5-110 (Supp.2003).

■ Moreover, we agree with Davis that the trial judge erred in ruling on Deepwater's defenses asserted in the Rule 60(b) motion, which were available to Deepwater prior to trial. *See Greenville Income Partners v. Holman,* 308 S.C. 105, 107, 417 S.E.2d 107, 108 (Ct.App.1992) (stating that the failure of an attorney to interpose available defenses does not amount to the kind of mistake, surprise, inadvertence, and excusable neglect contemplated by Rule 60(b)); *see also Mitchell Supply Co. v. Gaffney,* 297 S.C. 160, 163–64, 375 S.E.2d 321, 323 (Ct.App.1988) ("[T]he neglect of the attorney is the neglect of the client, and . . . no mistake, inadvertence or neglect attributable to an attorney can be successfully used as a ground for relief unless it would have been excusable if attributable to the client."). *But see Graham v. Town of Loris,* 272 S.C. 442, 452, 248 S.E.2d 594, 599 (1978) (stating that this general rule is not applied where there has been a willful and unilateral abandonment of the client by counsel).

Deepwater attempts to circumvent the tenet that Rule 60(b) relief is not available based on the failure of an attorney to assert available defenses by explaining that it was unaware that Marscher filed a motion and answer on its behalf. However, whether Deepwater knew that its interests were represented by Marscher is of little import considering Deepwater's unreasonable belief that it had been discharged from the case and its failure to monitor the progress of the case. *See Goodson,* 295 S.C. at 403, 368 S.E.2d at 689. This is not a case of willful and unilateral abandonment of the client by counsel in which we could refuse to apply the general rule that the neglect of an attorney is the neglect of a client. *Cf. Graham,* 272 S.C. at 452, 248 S.E.2d at 599 (finding the attorneys withdrawal from the case at a crucial stage without reasonable notice to the client to be an action of willful abandonment and thus not attributable to the client). Rather,

there is ample evidence that Marscher represented Deepwater's interests throughout the litigation, including filing a motion opposing default and an answer on behalf of Deepwater.

We find Marscher's failure to interpose Deepwater's contract defense at the time she answered on behalf of Deepwater does not amount to "mistake, inadvertence, surprise, or excusable neglect" warranting relief under Rule 60(b). Further, we find Marscher's failure attributable to Deepwater. Accordingly, we hold the trial judge erred in granting Deepwater relief from judgment under Rule 60(b) and ruling on defenses readily available to Deepwater prior to trial.

**REVERSED.**

HUFF and KITTREDGE, JJ., concur.