W. T. YANCEY v. LOUISE H. WATKINS, WIDOW, EXECUTRIX OF THE ESTATE OF G. B. WATKINS, AND INDIVIDUALLY

No. 719SC459

(Filed 4 August 1971)

Rules of Civil Procedure § 12— premature motion for judgment on pleadings

Defendants' motion for judgment on the pleadings and the hearing on the motion were premature where the motion was filed before defendants had filed answer, and the hearing was held before plaintiff had the opportunity to file a reply. G.S. 1A-1, Rule 12(c).

APPEAL by substituted plaintiffs from judgment of *Brewer, Judge,* entered 14 April 1971 following hearing at December 1970 Civil Session, GRANVILLE Superior Court.

The original plaintiff instituted this action asking for specific performance of an alleged contract to convey land. Numerous pleadings and motions were filed but only the following are pertinent to this appeal:

On 16 September 1969, plaintiff filed an amended complaint and on 7 March 1970 an amendment to the amended complaint was allowed. On 18 November 1970, defendants filed motion for judgment on the pleadings and on 19 November 1970 filed answer to the amended complaint. On 20 November 1970, pursuant to petition, an order was entered allowing substitution of parties plaintiff due to the death of the original plaintiff on 28 November 1969.

On 15 April 1971, a judgment signed by Judge Brewer was filed. In this judgment he recited that the cause was heard before him at the regular December 1970 Session of Granville Superior Court on a motion for judgment on the pleadings and that by stipulation of the parties, the judgment was signed "out of the Term, and out of the county." The judgment set forth findings of fact; also conclusions of law including conclusions that the action is barred by the statute of limitations, plaintiffs are guilty of laches, and the matter is *res judicata* in that ownership of the interest plaintiffs attempt to establish in the subject land has been previously determined in another action between the parties.

From the judgment dismissing the action and taxing them with the costs, plaintiffs appealed.

*Perry, Kittrell, Blackburn & Blackburn and Royster & Royster by Charles F. Blackburn for plaintiff appellant.*

*Watkins & Edmundson by R. Gene Edmundson for defendant appellees.*

BRITT, Judge.

Plaintiffs contend that defendants' motion for judgment on the pleadings was premature; therefore, the court erred in entering its judgment pursuant to the motion. The point is well taken.

The record discloses: On 18 November 1970, defendants filed a motion for judgment on the pleadings "under Rule 12(c) and Rule 56 of the Rules of Civil Procedure, as amended." On 19 November 1970, defendants filed their answer to the amended complaint, setting forth 12 affirmative defenses including invalidity of the alleged contract, statute of limitations, laches, and *res judicata.* The judgment appealed from recites that the cause was heard at the regular December 1970 Session of Granville Superior Court but does not indicate the date or dates of the hearing; we take judicial notice of the fact that this session of Granville Superior Court was a one week session, convening on 7 December 1970.

Rule 12(c) provides that *"after the pleadings are closed* but within such time as not to delay the trial, any party may move for judgment on the pleadings." (Emphasis added.) At the time defendants moved for judgment on the pleadings, the pleadings were not closed. Defendants had not filed answer. Plaintiff had not had opportunity to file a reply; in fact, the session of court at which the motion was heard convened on the eighteenth day after the answer was filed. We hold that the filing of, and hearing on, the motion for judgment on the pleadings was premature.

Defendants strenuously argue that a former action between the parties (see *Yancey v. Watkins,* 2 N.C. App. 672, 163 S.E. 2d 625 [1968]) is *res judicata* to this action and the trial court so held. We deem it unnecessary to pass on this contention but observe that the proceedings and judgment in the former action were not submitted as evidence at the hearing of this action and were not included in the record on appeal. As to whether

this court can take judicial notice of the record on appeal in another action, *quaere.*

For the reason stated, the judgment appealed from is vacated and this action is remanded for further proceedings consistent with this opinion.

Error and remanded.

Judges MORRIS and PARKER concur.