DEBORAH S. BROWN v. CHARLES W. BROWN, JR.

No. 7326DC542

(Filed 12 September 1973)

**Divorce and Alimony §§ 16, 22— alimony and child support order — consideration of incompetent evidence**

> In this action for alimony, child custody and support and counsel fees, material findings of fact made by the court were not based on competent evidence where the court, in making such findings, considered plaintiff's unverified complaint as an affidavit, considered letters and statements not under oath, and considered statements made by counsel at the hearing.

APPEAL by defendant from *Abernathy, Judge,* 12 February 1973 Session, District Court, MECKLENBURG County.

This action was instituted on 17 December 1971. Plaintiff sought custody of the children born of the marriage between her and defendant, child support, alimony pendente lite, alimony and counsel fees. Various letters and affidavits were filed by plaintiff including her own affidavit. Defendant also filed various letters and affidavits, including his own affidavit. On 30 May 1972, defendant filed answer to plaintiff's complaint.

On 6 Ooctober 1972, Judge Griffin entered an order "that the parties and counsel appear before the undersigned Judge Presiding over the General Court of Justice of the Mecklenburg County District Court Division, at the October 9, 1972 Nonjury Civil Session at 3:30 o'clock p.m. on the 12th day of October in District Courtroom No. 4. At said time and place the undersigned judge will review the pleadings and will give the parties opportunity to present such oral testimony as they may deem necessary in order to bring this matter on for hearing."

The record then contains a motion of defendant that the matter be dismissed for failure of plaintiff to prosecute. This was filed 12 January 1973.

The matter was then calendared for hearing on 16 February 1973 before Judge Abernathy. During the course of the proceedings in the action, defendant's counsel had been forced to retire from the case because of his becoming a District Judge.

A proceeding was had before Judge Abernathy on 16 February 1973, and on 6 April 1973, he entered a judgment from which defendant appeals.

*Hedrick, McKnight, Parham, Helms, Warley and Kellam, by Philip R. Hedrick, and Mercer J. Blankenship, Jr., for plaintiff appellee.*

*Edward T. Cook for defendant appellant.*

MORRIS, Judge.

Plaintiff filed a motion to dismiss the appeal because of defendant's failure to comply with Rule 19(d). We are of the opinion that under the circumstances and the procedure followed in this matter, the defendant was not aware that he was narrating evidence but was narrating, in the only form possible, the actual proceedings at the hearing. The motion is, therefore, denied.

At the proceeding of 16 February 1973, the court ordered stricken from the record certain letters and statements not sworn to and left in the record certain letters and statements not sworn to. He examined orders which had been prepared and handed up to the presiding judge in previous hearings but not signed and not a part of the record. Although no one was sworn at the hearing, the record indicates there was testimony from counsel for the parties and from the parties themselves.

The judgment recites: "The case was tried upon affidavits pursuant to an order of court dated May ___, 1972, to which neither party objected." We find no such order in the record. The judgment further recites: "The court, having considered all of the competent evidence, including the affidavits filed by the plaintiff and the defendant and including the complaint of the plaintiff and the answer of the defendant, each of which was accepted as an affidavit and having heard the statements and arguments of counsel to the parties, makes the following findings of fact.":

It is clear from the record that plaintiff's complaint was not verified; and, therefore, could not be considered as an affidavit. It is also clear from the record that the court did not strike all letters and statements not under oath. The court states that he considered statements of counsel. It is obvious that some of the material findings of fact could not be based on competent evidence and could not support the judgment.

The matter must, therefore, be remanded for further proceedings and the judgment vacated.

Judgment vacated and cause remanded.

Judges CAMPBELL and PARKER concur.