## 58962. BARRELL v. GIBSON.

SOGNIER, Judge.

Barrell, appellant, sued appellee Gibson to recover the amount of an alleged loan. The complaint was brief and alleged only jurisdiction, the debt, its nonpayment and a paragraph seeking attorney fees.

The appellee appeared pro se by a short, signed letter denying the indebtedness. Appellant moved for default judgment claiming the appellee's letter was an improper answer. The letter, while not in the legal form of an answer, constituted a general denial and was adequate. *Tahamtan v. Dixie Ornamental Iron Co.*, 143 Ga. App. 561 (239 SE2d 217) (1977). The judge correctly denied appellant's motion.

The judge then heard the case without a jury. The evidence was in sharp conflict. The appellant contended the money advanced was a loan; the appellee claimed the monies advanced were to be considered preincorporation expense and were not to be repaid if sufficient expense money was collected for this purpose. The judge found that a reasonable sum for this purpose was collected. The judge resolved the conflict of evidence in favor of the appellee/defendant and entered judgment for appellee.

A judge hearing a case without a jury acts in its stead in fact finding. His judgment will not be disturbed if there is any evidence in the record to sustain it. *McDaniel Printing Co. v. Ben Meadows Co.*, 144 Ga. App. 419 (241 SE2d 58) (1977); *Azar v. Accurate Const. Co.*, 146 Ga. App. 326 (246 SE2d 381) (1978).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED OCTOBER 31, 1979 — DECIDED FEBRUARY 27, 1980.

*Kevin S. King, Janet L. Haynes,* for appellant.
P. A. Gibson, *pro se.*