MARLENE J. JONES v. SHIRLEY SAPP WHITAKER AND CHARLES KEN-DALL WHITAKER

No. 8121SC1360

(Filed 19 October 1982)

1. **Rules of Civil Procedure § 4— service of process incorrectly stating name of one of parties—no fatal error**

   The trial court erred in allowing one defendant's motion to dismiss for insufficient service of process in that the summons served on her stated her name as "Sherrie" instead of "Shirley." All that is required is that the proper party be properly served, and that was done.

2. **Process § 3— service of amended complaint only—complaint amended three years after accrual of action—no bar to claim**

   Where plaintiff and defendant were involved in an automobile accident on 26 January 1978, where plaintiff filed a complaint on 31 December 1980, where plaintiff attempted to serve her complaint and summons on defendant and then attempted to serve several alias and pluries summons before amending her complaint on 27 February 1981 to correct the given name of a codefendant, and where proper service of proper process was had on defendant on 17 June 1981, the trial judge erred in dismissing plaintiff's claims against defendant as being commenced after the running of the three year statute of limitations since the

amended complaint related back to the issuance of the summons and the filing of the original complaint.

APPEAL by plaintiff from *Walker, Judge.* Judgment entered 24 August 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 23 September 1982.

This appeal is from an order granting the defendants' motions to dismiss for insufficient service of process. The record discloses the following.

On 26 January 1978 an automobile accident occurred involving the above parties. On 31 December 1980 a complaint was filed and summons issued naming as defendants *Sherrie* Sapp Whitaker and Charles Kendall Whitaker. The complaint and summons were returned unserved on 2 January 1981. An alias and pluries summons was issued on 30 January 1981. When the deputy sheriff attempted to serve the alias and pluries summons and complaint on Shirley Sapp Whitaker she pointed out her name was not Sherrie, but her daughter's name was Sherrie. The deputy marked through the name Sherrie, wrote in Shirley and served the alias and pluries summons and original complaint on defendant, Shirley Sapp Whitaker. The deputy made return that service was had on 3 February 1981 on the defendant Shirley Sapp Whitaker. This alias and pluries as returned shows personal service on Shirley Sapp Whitaker; with respect to the defendant Charles Kendall Whitaker the alias and pluries summons contained the notation that "Charles Kendall Whitaker is in the Marines stationed at this time at Camp LeJeune, N.C. s/ Mike Fritts, Deputy, 2/3/81."

On 27 February 1981 plaintiff moved to amend the complaint. The motion was granted and the complaint was amended by changing the name of one of the defendants from Sherrie Sapp Whitaker to Shirley Sapp Whitaker. Otherwise, the amended complaint and the original complaint were identical. Also, on 27 February 1981 another alias and pluries summons was issued for Charles Kendall Whitaker. Before being served, Charles Whitaker filed an answer denying the material allegations of the complaint and a motion to dismiss on 2 March 1981.

On 25 March 1981 the alias and pluries summons for Charles Whitaker was returned showing non-service with the following

comment: "Unable to serve before expiration as def't Charles K. Whitaker is currently on military duty in Norway. s/ C. S. Koonce, Deputy, 3/25/81." Yet another alias and pluries summons naming Charles Whitaker was issued on 27 May 1981. On 17 June 1981 this summons and a copy of the amended complaint were served on Charles Kendall Whitaker.

Defendant Shirley Whitaker moved to dismiss for insufficient service of process and failure to state a claim on 12 June 1981, and on 19 June 1981 Charles Whitaker moved to dismiss for insufficient service of process, failure to state a claim and failure to file a claim within the applicable statute of limitations. The motions to dismiss were allowed on 24 August 1981.

Plaintiff appealed.

*Kennedy, Kennedy, Kennedy and Kennedy, by Annie Brown Kennedy and Harold L. Kennedy, III for the plaintiff, appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze and Maready, by Grover G. Wilson and Michael L. Robinson for the defendants, appellees.*

HEDRICK, Judge.

[1] The only question we need consider on this appeal is whether proper service of summons and complaint was had on the defendants, Shirley Sapp Whitaker and Charles Kendall Whitaker. Plaintiff first contends the trial judge erred in dismissing her claim against the defendant Shirley Sapp Whitaker for lack of proper service. Defendants, citing *Roshelli v. Sperry*, 57 N.C. App. 305, 291 S.E. 2d 355 (1982), argue service on the defendant Shirley Sapp Whitaker was improper since the summons and complaint served on defendant Shirley Sapp Whitaker named Sherrie Sapp Whitaker.

Although service of process should correctly state the name of the parties, a mistake in the names is not always a fatal error, and as a general rule a mistake in the given name of a party who is served will not deprive the court of jurisdiction. 62 Am. Jur. 2d *Process* § 18 (1972). As stated in *Patterson v. Walton*, 119 N.C. 500, 501, 26 S.E. 43 (1896), "Names are to designate persons, and where the identity is certain a variance in the name is immaterial." Also, error or defects in the pleadings not affecting

substantial rights are to be disregarded. *Id.* When original process has been served properly and amendments to it are to make process and pleadings consistent, the court will retain jurisdiction. *Fountain v. County of Pitt,* 171 N.C. 113, 87 S.E. 990 (1916).

In the present case, the record discloses that proper service of process was had on the defendant, Shirley Sapp Whitaker, on 3 February 1981. The fact that the summons and complaint were directed to Sherrie Sapp Whitaker and the deputy sheriff changed the name from Sherrie to Shirley when he served the defendant is of no legal significance since the proper party was actually served. Under these circumstances, the defendant could not have suffered any prejudice. All that is required is that the proper party be properly served. The case cited by defendants, *Roshelli v. Sperry,* is clearly distinguishable. There the proper party was not served. Furthermore, assuming only the original complaint was served on the defendant the amending of the complaint to correct the misnomer for the sake of conformity in process and pleading did not invalidate the earlier proper service. 171 N.C. at 115, 87 S.E. at 992.

[2] With respect to the defendant Charles Whitaker, the defendant contends the court correctly dismissed the action against him because the amended complaint, filed on 27 February 1981, discloses on its face plaintiff's action was barred by the three year statute of limitations. Defendant argues that, although plaintiff's claim had been kept alive by the issuance of alias and pluries summonses, he was never served with the original complaint, and was served only with the amended complaint on 17 June 1981. Charles Whitaker contends, that because the only pleading received by him was filed more than three years after the accident giving rise to this action, the applicable statute of limitations, G.S. 1-52(5), bars any claim against him by this plaintiff.

Assuming arguendo, that the answer filed by the defendant on 2 March 1981 did not give the court jurisdiction, we hold the trial court erred in dismissing plaintiff's claim against this defendant. As pointed out above, the amendment to the complaint merely corrected the given name of the codefendant. The action against the defendant, Charles Whitaker, was commenced on 31 December 1980 by the issuance of summons and filing of a com-

plaint. The action was commenced before the running of the three year statute of limitations. The amended complaint related back to the issuance of the summons and the filing of the original complaint since the amendment did not in any way alter the substance of the complaint. Proper service of proper process was had on the defendant Charles Whitaker on 17 June 1981. The judgment dismissing plaintiff's claims against defendants is reversed.

Reversed.

Judges WEBB and HILL concur.