THE NORTH CAROLINA STATE BAR v. CHARLEENE WILSON, ATTORNEY

No. 8410NCSB1011

(Filed 4 June 1985)

1. **Attorneys at Law § 12— false affidavit as to whereabouts of defendant—violation of disciplinary rules**

   An attorney's failure to disclose to the trial court in a divorce action in which service of process was by publication that she had received and responded to two letters from the defendant containing return addresses and her drafting and presenting to the court of an affidavit from her client falsely stating that the defendant's whereabouts were unknown and could not be discovered with due diligence constituted conduct involving fraud, dishonesty, deceit and misrepresentation in violation of DR1-102(A)(4), conduct prejudicial to the administration of justice and which adversely reflects upon her fitness to practice law in violation of DR1-102(A)(5) and (6), and the creation and knowing use of false evidence in violation of DR7-102(A)(4), (5) and (6). G.S. 8-28(a) and (b)(2).

2. **Attorneys at Law § 10— discipline authorized by statute—no appellate review**

   Where the suspension of an attorney's license to practice law for one year for violation of the disciplinary rules was authorized by statute, it was not subject to review on appeal.

APPEAL by defendant from an Order of Discipline of the Hearing Committee of the Disciplinary Hearing Commission of the North Carolina State Bar. Order entered 11 June 1984. Heard in the Court of Appeals 7 May 1985.

The facts giving rise to this case are basically undisputed. On or about 10 August 1983, Charleene Wilson, an attorney licensed to practice law in North Carolina in 1975, was retained by Brenda Joyce Hodge to secure a divorce for Mrs. Hodge from David C. Hodge. A complaint was filed and personal service was attempted. On 15 August 1983, the summons was returned unserved indicating that the Sheriff's Department was "unable to locate defendant in New Hanover County." On 13 August 1983, the defendant attempted to obtain service of process by publication.

A short time later, the defendant received a letter, dated 25 August 1983, from Mr. Hodge bearing as a return address a post office box in Troy, North Carolina. Defendant received another letter from Mr. Hodge dated 31 August 1983. This letter had as a return address a post office box in Goldsboro, North Carolina. In both of these letters Mr. Hodge objected to the granting of a divorce and stated that the parties had not been separated for a year as alleged in the suit. The defendant replied to both of the letters and informed Mr. Hodge of the requirements stated in the summons to answer the complaint and also informed him when the matter had been set for hearing. No attempt was made to serve Mr. Hodge by registered or certified mail pursuant to Rule 4(j)(1)(c) of the Rules of Civil Procedure at either of the return addresses listed on the letters. Following the receipt of those letters the defendant met with Mrs. Hodge and discussed the contents of these letters. She also wrote Mrs. Hodge a letter and asked that Mrs. Hodge tell her of Mr. Hodge's whereabouts if she was able to ascertain it.

On 30 September 1983, the divorce action came on for hearing in New Hanover County District Court. Prior to the hearing the defendant had Mrs. Hodge execute an affidavit which stated in part "the whereabouts of the Defendant are [sic] unknown to the Plaintiff and cannot with due diligence be ascertained, nor can the Defendant's post office address be ascertained with reasonable diligence." This affidavit was presented at the hearing. During the hearing Wilson failed to inform the court regarding the letters which she had received from Mr. Hodge, and she drafted and presented the court with a divorce judgment which stated that the whereabouts of Mr. Hodge was unknown.

On 22 February 1984, the North Carolina State Bar filed a complaint alleging that Wilson's conduct constituted grounds for discipline pursuant to G.S. 84-28(a), and (b)(2) in that she had violated the Disciplinary Rules of the Code of Professional Responsibility by: (a) failing to report the letters to the trial court, (b) failing to attempt personal service upon Mr. Hodge, (c) engaging in conduct which constituted fraud, deceit, dishonesty or misrepresentation by preparing and offering into evidence the affidavit of Mrs. Hodge, (d) permitting her client to testify in support of the affidavit, and (e) preparing the judgment wherein the

court found as a fact that the whereabouts of Mr. Hodge could not be ascertained.

The defendant answered admitting most of the facts set forth above but denied any wrongdoing.

Following a hearing the disciplinary committee issued an order in which it found as a fact those facts set forth above and the following additional facts which are pertinent to the determination of this appeal:

2. From the receipt of the letters by Wilson from David Hodge, dated August 25, 1983 and August 30, 1983 until the time of the hearing in the Divorce Case, (*Hodge v. Hodge,* 83CVD2505, New Hanover County) September 30, 1983, defendant made no inquiry as to duties imposed upon her by Rule 4 of The Rules of Civil Procedure or the Code of Professional Responsibility. Additionally, during the interim between the receipt of David Hodges letters of August 25 and August 30, 1983 and September 30, 1983, defendant sought no advice or counsel from other members of the Bar with respect to any obligation that may be imposed upon her as a result of receiving and answering letters from David Hodge.

. . . .

7. When the Divorce Case was called for trial on September 30, 1983, Wilson knew that 5501 Wrightsville Avenue, Wilmington, North Carolina was not the last address of David Hodge known to her client Brenda Hodge at the time said Affidavit was tendered.

8. Although the Committee is aware of the fact that the transcript of the proceedings before Judge Rice on October 26, 1983 (Plaintiff's Exhibit "L" Page 20, Lines 19 and 20), in the light of other testimony, is capable of the interpratation [sic] that Wilson was aware on September 30, that David Hodge was in prison, assigned to work release in New Hanover County, and his wife Brenda Hodge had taken David Hodge to his job immediately prior to the hearing, the Committee reconciles the conflicting evidence on that issue in favor of Wilson to the extent necessary to find (and finds) such knowledge of David Hodge's actual whereabouts was

not communicated to Wilson, until after the trial of the Divorce Case on September 30, 1983.

. . . .

10. Although Wilson did not have actual knowledge of the whereabouts of the defendant David Hodge in the interim between receipt of David Hodge's letter of August 25, 1983 and September 30, 1983, Wilson was actually aware of defects in service of process upon David Hodge by publication and testified before the Committee that she had considered serving the defendant David Hodge by registered or certified mail, return receipt requested prior to the hearing date of September 30, 1983, but failed to do so.

Based upon these findings of fact the committee made the following conclusions of law:

1. The letters of David Hodge to Wilson dated August 25, 1983 and August 30, 1983 constituted an answer or answers to the Complaint filed by Wilson on behalf of her client Brenda Hodge within the intent of Rule 12 of The Rules of Civil Procedure and have been served upon Wilson in a manner permitted by The Rules of Civil Procedure.

2. Wilson was under the duty to disclose the service of Answers upon her by the defendant David Hodge in the Divorce Case, and to disclose the contents of said Answers to the Court.

3. Wilson was under a duty to her client Brenda Hodge to effect proper service of process upon the defendant David Hodge in the Divorce Case. By filing letters of August 25 and August 30, 1983, received from the defendant David C. Hodge in the Divorce Case with the Court, Wilson could have cured the defects in service of process by publication, which Wilson knew to exist at the time the Divorce Case was called for trial on September 30, 1983.

4. The failure of Wilson to disclose the contents of the letters of David Hodge to the Court and the service upon her of same constitutes a violation of DR1-102(A)(4), (5) and (6) and DR7-102(A)(3) in that she failed to disclose that which by law she was required to reveal and as a result thereof, deliberate-

ly misled a tribunal in a manner that is prejudicial to the administration of justice and reflects adversely upon her fitness to practice law.

5. In preparing and offering the Affidavit of her client, Brenda Hodge, in the Divorce Case, for the purpose of establishing effective service of process by publication and jurisdiction over the person of David Hodge, when Wilson knew that the requirements of Rule 4J of The Rules of Civil Procedure had not been met, and that the Affidavit contained false statements, Wilson violated DR1-102(A)(4), (5) and (6) and DR7-102(A)(4), (5) and (6), because she knowingly used perjured testimony, knowingly made a false statement of law and fact, participated in the creation of evidence when it was obvious that the evidence was false, offered false testimony knowing it to be false, and engaged in conduct prejudicial to the administration of justice adversely reflecting upon her fitness to practice law.

After considering aggravating and mitigating factors the committee ordered that defendant be suspended for the practice of law for a period of one year. From this Order, defendant appealed.

*A. Root Edmonson for the North Carolina State Bar.*

*Wayne Eads for the defendant appellant.*

ARNOLD, Judge.

[1] The first issue presented for review is whether the committee erred in finding that the letters from Mr. Hodge were answers within the meaning of the rules, that as such the defendant had a duty to disclose their service upon her by Mr. Hodge and that by failing to do so she violated DR1-102(A)(4), (5) and (6) and DR7-102(A)(3) by deliberately misleading the court in a manner which was prejudicial to the administration of justice. Assuming *arguendo* that the committee improperly concluded that the letters were "answers" to the divorce complaint, even so we find no error in the committee's conclusion that the failure to reveal the existence of the letters to the trial court was a violation of the Code of Professional Responsibility.

In her argument defendant contends that since EC 4-5 of the Code of Professional Responsibility indicates that a lawyer should not use information acquired during her representation of a client to the disadvantage of the client, she should not have disclosed the letters to the court. In support of this argument she also cites C.P.R. Opinion #200, issued by the Bar in October 1978, which held that an attorney should not inform the court that at sometime previous thereto the client had perpetrated a fraud in obtaining the divorce.

The fact situation set forth in the C.P.R. Opinion is distinguishable since the fraud already had occurred at the time the attorney became involved in the case. Furthermore, the defendant's actions did not consist of merely failing to disclose items which might have put her client at a disadvantage but she prepared a document which aided her client in perpetrating the fraud.

DR1-102(A)(4) of the Code of Professional Responsibility prohibits an attorney from "[e]ngaging in conduct involving dishonesty, fraud, deceit, or misrepresentation." Wilson clearly engaged in conduct which involved fraud, dishonesty, deceit and misrepresentation when she failed to inform the court of Mr. Hodge's letters which contained return addresses, while at the same time presenting to the court an affidavit, which she had drafted, in which her client swore "[t]hat the whereabouts of the defendant are [sic] unknown to the Plaintiff and cannot with due diligence be ascertained, nor can the Defendant's post office address be ascertained with reasonable diligence." When she engaged in this deceitful activity Mrs. Wilson was also involved in professional conduct prejudicial to the administration of justice and which adversely reflects upon her fitness to practice law in violation of DR1-102(A)(5) and (6). Therefore, we find no merit in defendant's exception to Conclusion Number 4.

We also note that under this assignment of error defendant has excepted to Conclusion of Law Number 5 and seems to contend that the committee's conclusion that the letters constitute "answers" affects the validity of this conclusion as well. As noted above it is clear that defendant's actions in preparing the false affidavit involved conduct involving fraud, deceit and misrepresentation. Furthermore, DR7-102(A)(4), (5) and (6) provides:

(A) In his representation of a client, a lawyer shall not:

. . . .

(4) Knowingly use perjured testimony or false evidence.

(5) Knowingly make a false statement of law or fact.

(6) Participate in the creation or preservation of evidence when he knows or it is obvious that the evidence is false.

We also believe that the committee properly concluded that the defendant's actions clearly violated the disciplinary rules set forth above. The evidence and findings of fact clearly show that the defendant drafted, presented to her client and then offered into evidence an affidavit which she knew to be false.

For the above stated reasons, we hold that regardless of whether the committee properly concluded that Mr. Hodge's letters constituted answers to the complaint, it was justified in making conclusions of law numbers 4 and 5. Furthermore, we hold that conclusions of law numbers 4 and 5 standing alone are sufficient to support the committee's Order of Discipline.

Next defendant argues that finding of fact number 2 and finding of fact number 7 are not supported by the evidence. The test for determining whether the findings are supported by the evidence is the whole record test. Under this test there must be substantial evidence to support the committee's findings, conclusions and results. *N.C. State Bar v. DuMont*, 304 N.C. 627, 286 S.E. 2d 89 (1982). A review of the record indicates that there was substantial evidence to support the committee's finding of fact number 2 and number 7. The defendant's argument is without merit.

By her third assignment of error, defendant contends that under the whole record test the findings of fact and the allegations of misconduct are insufficient to support the order of discipline because they fail to show an intent on the part of the defendant to deceive, defraud or make misrepresentation to the court in the Hodges matter. We disagree, because as stated earlier the evidence clearly shows that defendant engaged in a course of conduct involving deceit, misrepresentation and fraud.

Thus, we hold that there was substantial evidence to support the committee's Order of Discipline.

[2] Finally, defendant argues that the Order of Discipline entered in this action was in excess of that authorized by law. She states that while the one-year suspension imposed was technically within the bounds allowed by the statute, it was improper because it was "vastly more punishment than has been meted out to other attorneys in similar situations."

G.S. 84-28(h) provides that our review of these cases is limited to "matters of law or legal inference," therefore, so long as the punishment imposed is within the limits allowed by the statute this Court does not have the authority to modify or change it. *N.C. State Bar v. DuMont*, 304 N.C. 627, 632, 286 S.E. 2d 89, 92 (1982). The defendant's discipline is, by her own admission, authorized by the statute, it is, therefore, not subject to review.

The judgment appealed from is hereby

Affirmed.

Judges MARTIN and PARKER concur.