JAMES P. O'HERRON, PETITIONER, FOR THE ADOPTION OF ADAM FRANCIS JERSON v. JACK T. JERSON, RESPONDENT

No. 8520SC1051

(Filed 5 August 1986)

**Adoption § 2.2— findings of no abandonment—not supported by evidence**
> In an action in which petitioner sought to determine that his stepson had been abandoned by his natural father and to adopt the stepson, the trial court erred by finding that the child had not been abandoned where the only competent evidence was the verified supplemental petition and the sworn testimony

of petitioner and his wife. The trial court was precluded from considering respondent's letters as affidavits because they were not verified.

APPEAL by petitioner from *Bailey (James H. Pou), Judge.* Judgment entered 25 June 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 12 February 1986.

On 20 March 1985, James P. O'Herron, hereinafter petitioner, filed a petition for the adoption of his stepson, Adam Francis Jerson. Petitioner is married to the minor child's natural mother, Cristy Lynn O'Herron, who filed a written consent to the adoption.

In a supplemental petition, petitioner sought to determine whether the minor child had been abandoned by his natural father, Jack T. Jerson, hereinafter respondent. The supplemental petition was verified by petitioner. Respondent answered the petitions with unverified letters from himself and several others in which he denied the allegations of abandonment and refused to give consent to the adoption of his son.

The matter came on for hearing, where petitioner and his wife were present with their attorney. Respondent did not appear at the hearing. The evidence for petitioner tended to show that the child had been in the exclusive custody of petitioner and his wife since July 1983, and that respondent neither appeared in North Carolina to contest custody in prior litigation nor contacted the child from September 1983 to December 1984. Since that date, the minor child has received one post card and one telephone call from respondent. Further, that respondent had been encouraged to maintain contact with his son and had never been denied visitation with the child. Finally, both witnesses testified that no financial support had been received from respondent for the benefit of the minor child since July 1983.

After the presentation of this evidence, and after the court considered respondent's unverified letters, the court entered the following order:

> This cause came on to be heard before the undersigned at the June 24 Session of the Superior Court of Wake County, having been regularly calendared for hearing and appearing on the regular printed calendar for said week.

Upon the call of the case the petitioner, James P. O'Herron, was present in court together with his attorney Donald H. Solomon and his wife, Cristy Lynn O'Herron.

The petitioner James P. O'Herron was sworn and testified. Cristy Lynn O'Herron was sworn and testified. The Court having heard the evidence, considered the pleadings, the argument of counsel finds as a fact that Adam Francis Jerson, referred to in the petition as Adam Francis O'Herron, is the natural child of Cristy Lynn O'Herron, formerly Jerson, who is presently a citizen and resident of Wichita, Kansas; that Adam Francis O'Herron was born in Columbia, South Carolina on January 31, 1975; that Jack T. Jerson and Cristy Lynn O'Herron (Jerson) were divorced on August 20, 1979; that subsequent to the divorce of the parties, the minor child, Adam Francis Jerson, remained in the custody of his father, Jack T. Jerson, until July 1, 1983; that Cristy Lynn O'Herron (Jerson) and Jack T. Jerson amicably had agreed that the child should visit Cristy Lynn O'Herron during summer vacation time and occasionally at other holidays; that in the summer of 1983, Adam Francis Jerson visited his mother in Raleigh, North Carolina; that she did not return said child to the custody of his father as contemplated by the parties and that since that time the minor child has been in the exclusive custody of his mother in Raleigh, North Carolina;

That the mother has made no demand for support of said child from Jack T. Jerson and he has made no payment; that he has attempted to reach the child by phone and by letter; that the mother has never notified Jack T. Jerson as to when he might visit the child or have any time alone with the child.

Upon the foregoing findings of fact the Court ORDERS, ADJUDGES, AND DECREES:

1. That Jack T. Jerson has not prior to the 24th day of June, 1985, wilfully abandoned or refused to support the child Adam Francis Jerson; that his failure to visit the child has been due to the fact that he had no assurrance [sic] that he would be allowed to see the child if he traveled to Raleigh; that Jack T. Jerson has not foregone all parental duties and has not wilfully relinquished his parental rights to said child

[and] that there is no wilful abandonment of said child for the period of six months next preceding June 24, 1985.

WHEREFORE, the petition of James P. O'Herron for the adoption of Adam Francis O'Herron and his petition for an order decreeing that Jack T. Jerson has [wil]fully abandoned his minor child, Adam Francis Jerson, is denied.

From the entry of this judgment, petitioner appealed.

*Donald H. Solomon for petitioner-appellant.*

*No brief for respondent-appellee.*

PARKER, Judge.

In his first assignment of error, petitioner contends the judgment should be vacated because there was insufficient evidence presented at trial to support the trial court's findings of fact and conclusions of law. We agree.

Findings of a trial judge sitting as the trier of fact will not be disturbed on appeal on the theory that the evidence did not support the findings if there is any competent evidence to support them. *Mayo v. Mayo*, 73 N.C. App. 406, 326 S.E. 2d 283 (1985). As appears from the record before this Court, the only competent evidence presented was the verified supplemental petition, *Schoolfield v. Collins*, 281 N.C. 604, 189 S.E. 2d 208 (1972) (verified pleadings can be considered as affidavits in the cause) and the sworn testimony of petitioner and his wife. Assuming arguendo that respondent's letters may have constituted an answer within the meaning of the North Carolina Rules of Civil Procedure, *see N.C. State Bar v. Wilson*, 74 N.C. App. 777, 330 S.E. 2d 280 (1985), the trial court was precluded from considering them as affidavits in the cause because they were not verified. *Schoolfield, supra.*

In *Brown v. Brown*, 19 N.C. App. 393, 198 S.E. 2d 756 (1973), this Court vacated a judgment which was based upon an unverified complaint and letters and statements that were not made under oath. The court in the case *sub judice* did not strike respondent's letters which were not under oath. As in *Brown*, "[i]t is obvious that some of the material findings of fact could not be based on competent evidence and could not support the judgment." *Id.* at 394, 198 S.E. 2d at 758.

The case must, therefore, be remanded for further proceedings and the judgment vacated.

Vacated and remanded.

Chief Judge HEDRICK and Judge WEBB concur.