## BROWN v. AMERICAN MESSENGER SERVICES, INC.

[129 N.C. App. 207 (1998)]

━━━━━━━━━

STEVEN D. BROWN, PLAINTIFF v. AMERICAN MESSENGER SERVICES, INC., AND HERBERT T. BALLARD, DEFENDANTS

No. COA97-560

(Filed 7 April 1998)

## Pleadings § 280 (NCI4th)— answer—letter filed with court— sufficient

The trial court did not err by entering a judgment on the pleadings in an action on a note where defendant Ballard filed a letter with the court stating that he was enclosing a check for accrued interest, promising to make all future interest payments as they became due, and promising to make arrangements to repay the principal of the note on the due date. When read in context with the plaintiff's complaint, the letter is an admission of liability, essentially admitting the allegations of the complaint and offering to satisfy the claim. A letter or any document that is filed with the court and substantively responds to a complaint may constitute an answer, notwithstanding its failure to comply with

the technical requirements of the Rules of Civil Procedure. A court should consider, based on the totality of the circumstances surrounding the pleading, whether the substance of the document is an answer.

Appeal by defendant Ballard from order and judgment entered 2 December 1996 by Judge Hollis M. Owens, Jr. in Cabarrus County Superior Court. Heard in the Court of Appeals 13 January 1998.

*Black Rogers & Ruth, P.L.L.C., by George W. Wiseman, III, for defendant-appellant.*

*Blair Conaway Bograd & Martin, P.A., by Henry N. Pharr III, for plaintiff-appellee.*

WYNN, Judge.

In this case, we decide whether a letter, filed with the Clerk of Superior Court, which offered partial payment of a claim and promised future payment in full was sufficient to constitute an answer so that the trial court could consider and grant a Rule 12(c) Motion for Judgment on the Pleadings. Viewed in the totality of the circumstances, the letter substantively answered the complaint's allegations and therefore we hold that the letter did constitute an answer.

Plaintiff Steven D. Brown filed suit against American Messenger Services, Inc. ("AMS") and Herbert T. Ballard on 6 February 1996. The complaint alleged that Ballard, as the primary and controlling shareholder of AMS, solicited Brown to invest in the company by representing the business "as a successful and growing package delivery service and a lucrative investment." In reliance on these representations, Brown agreed both to work for AMS and to loan the company $80,000.00. In return Ballard, as president of AMS, signed a promissary note dated 4 October 1993 agreeing to make quarterly interest payments on the loan beginning 28 December 1993 and repayment of the principal balance by 28 September 1996.

The complaint further alleged that after Brown voluntarily resigned from his employment with AMS, AMS was "chronically late and in default" on its payment obligation. Brown accelerated the balance due and demanded payment. AMS failed to pay its obligations under the note.

As a consequence of these events, the complaint raised three causes of action: an action against AMS for the $80,000.00 and for

unpaid interest, an alternate action against AMS for a declaration that AMS was liable under the note and for entry of judgment for Brown in the amount due under the note, and a cause of action against Ballard seeking to hold him personally liable on the note.

Ballard was served with Summons and the Complaint on 8 February 1996. On 5 March 1996, Ballard filed a letter written on AMS stationery with the court. The letter, signed by Ballard and addressed to Brown's lawyer, stated in pertinent part:

> Enclosed, please find a certified check made payable to Steven Brown for $2,512.59 for accrued interest due through the fourth quarter of 1995.

> Let me further state that I will pay by certified funds all future interest payments as they become due.

> I will also make arrangements to repay the principal of $80,000.00 on the due date of September 28, 1995.

AMS filed for bankruptcy on 7 June 1996 and in response Brown voluntarily dismissed his claims against AMS on 7 August 1996. Brown moved for judgment on the pleadings on 1 October 1996, asserting that Ballard's letter was an answer. On 2 December 1996, the trial court entered a judgment granting Brown's motion for judgment on the pleadings and entering judgment against Ballard for $84,050.00 and costs. Ballard appeals.

## I.

Under N.C.R. Civ. P. 12(c), "[a]fter the pleadings are closed . . . any party may move for judgment on the pleadings." In *Yancey v. Watkins*, 12 N.C. App. 140, 182 S.E.2d 605 (1971), this Court held that filing or hearing a motion under this rule prior to the filing of the defendant's answer was improper, and that a judgment rendered in such a circumstance will be vacated. *See id.* at 141-42, 182 S.E.2d at 606. The issue in this case is whether the letter was an answer.

Brown argues on appeal that although the letter does not fully comply with North Carolina's Rules of Civil Procedure, we should nonetheless uphold the trial court's ruling that the letter constituted an answer.

First, he points out that a pleading has served its purpose if it provides notice of the facts asserted by a party for his or her cause of

action or defense. He cites *Thorpe v. Wilson*, 58 N.C. App. 292, 293 S.E.2d 675 (1982) and *Jones v. Whitaker*, 59 N.C. App. 223, 296 S.E.2d 27 (1982) for the proposition that errors or defects in a pleading that do not affect substantial rights are to be disregarded. Furthermore, he directs our attention to the comment of Rule 10, which states that the Rule was "designed . . . to cause factual issues to clearly emerge." N.C.R. App. P. 10 cmt.

Brown further contends that this Court has on two previous occasions, in *North Carolina State Bar v. Wilson*, 74 N.C. App. 777, 330 S.E.2d 280 (1985) and *O'Herron v. Jerson*, 82 N.C. App. 434, 346 S.E.2d 298 (1986), held that letters from a pro se defendant filed with the Court and served upon opposing counsel could constitute an answer within the meaning of the Rules of Civil Procedure. Finally, he contends that this position is supported by the decisions of other states with provisions similar to Rule 10. He cites as examples *Barrell v. Gibson*, 266 S.E.2d 308 (Ga. App. 1980) and *Frank Ulmer Lumber Co., Inc. v. Patterson*, 250 S.E.2d 121 (S.C. 1978).

Although the issue of whether a letter can constitute an answer to a complaint has arisen in several of this Court's decisions, the parties have cited no case and our research has revealed no North Carolina case that clearly decides the issue in this context.

In *Roland v. W & L Motor Lines, Inc.*, 32 N.C. App. 288, 231 S.E.2d 685 (1977), the plaintiff filed a complaint asserting that the defendant, his former employer, owed him for back pay and a bond refund. *Id.* at 288, 231 S.E.2d at 686. The company's vice-president wrote a letter responding to the complaint's allegations to the plaintiff's attorney and sent a copy to the clerk of court. *Id.* Shortly thereafter plaintiff moved for and was granted a default judgment, and the defendant's subsequent motion to set aside the default judgment was denied. *Id.* at 288-89, 231 S.E.2d at 686. The defendant's "principal contention on appeal [was] that the . . . letter [mailed to the clerk of court] should be treated as an answer." However, this Court, "[w]ithout deciding whether the defendant's 11 July letter constitute[d] an answer, . . . concluded that the case . . . should be decided on other grounds." *Id.* at 289, 231 S.E.2d at 686-87. We went on to hold that the letter constituted an appearance which foreclosed entry of a default judgment. *Id.* at 290-91, 231 S.E.2d at 687-88.

In *N.C. State Bar v. Wilson*, 74 N.C. App. 777, 330 S.E.2d 280 (1985), we considered an appeal from a disciplinary order of the Disciplinary Hearing Commission of the North Carolina State Bar. *Id.*

at 778, 330 S.E.2d at 281. Among other things, the Commission had determined that letters sent by a *pro se* defendant to an attorney seeking a divorce for her client constituted an answer to a complaint within the meaning of N.C.R. Civ. P. 12. *Id.* at 780, 330 S.E.2d at 282. On appeal to this Court, the attorney raised as an issue "whether the [disciplinary] committee erred in finding that the letters from [defendant] were answers within the meaning of the rules." *Id.* at 781, 330 S.E.2d at 283. However, again we did not directly address the issue, holding that even if the committee was in error on that issue, there was other sufficient evidence to support its findings and order. *Id.* at 781-83, 330 S.E.2d at 283-84.

In *O'Herron v. Jerson*, 82 N.C. App. 434, 346 S.E.2d 298 (1986), we simply assumed without deciding that letters "may have constituted an answer within the meaning of the North Carolina Rules of Civil Procedure." *Id.* at 437, 346 S.E.2d at 300.

In short, there is not within our case law a holding that a letter can constitute an answer. However, the outside authorities cited by Brown do seem to support his argument.

In *Barrell v. Gibson*, 266 S.E.2d 308 (Ga. App. 1980), the Court of Appeals of Georgia affirmed the trial court's denial of the plaintiff's motion for default judgment, holding in a terse opinion that a short, signed letter from the defendant denying the debt alleged in the plaintiff's complaint was sufficient to constitute a general denial. *Id.* at 309. In *Frank Ulmer Lumber Co., Inc. v. J.D. Patterson*, 250 S.E.2d 121 (S.C. 1978), the South Carolina Supreme Court reviewed the setting aside of a default judgment by the trial court, stating that the "issue [was] whether . . . an unverified letter delivered by [defendant] to counsel for [plaintiff] was a sufficient answer to the complaint." *Id.* at 122. The Court accepted the letter as an answer despite the fact that it was not verified because the defect was waived when the plaintiff's counsel accepted it without objection. *Id.* at 123. The Court also addressed the failure of the pleading to contain a caption and the fact that it was not promptly filed, but stated that "suffice it to say that the proper sanction to be imposed for failure to comply with [those requirements was] not judgment by default" and affirmed the trial court's decision to set aside default. *Id.*

Turning back to North Carolina law, the general policy of the Rules of Civil Procedure is to disregard technicalities of form and determine the rights of litigants on the merits. *See, e.g., Smith v. City of Charlotte*, 79 N.C. App. 517, 528, 339 S.E.2d 844, 851 (1986),

*Johnson v. Johnson,* 14 N.C. App. 40, 42, 187 S.E.2d 420, 421 (1972). Furthermore, in *Jones v. Whitaker,* 59 N.C. App. 223, 225-26, 296 S.E.2d 27, 29 (1982), we pointed out that "errors or defects in the pleadings not affecting substantial rights are to be disregarded" and held that a minor mistake involving the defendant's name did not invalidate service of process. The same point was also relied upon by the Court in *Thorpe v. Wilson,* 58 N.C. App. 292, 297, 293 S.E.2d 675, 679 (1982).

In sum, although prior case law has not decided that a letter can constitute an answer, it does emphasize that our courts should focus on substance, instead of technicalities, in resolving disputes. Therefore, compliance with the Rules of Civil Procedure's requirements for a document's form, although certainly indicative of its legal status, is not dispositive in our analysis.

The comment to Rule 8(b) states that it "sets forth the basic directive for defensive pleading." N.C.R. Civ. P. 8 cmt. The rule provides that in an answer a defendant "shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." N.C. R. Civ. P. 8(b). This rule embodies the substantive purpose of an answer, which is to respond to the allegations of a complaint. We accordingly hold that a letter, or in fact any document, that is *filed* with the court and substantively responds to a complaint may constitute an answer, notwithstanding its failure to comply with all of the technical requirements of the Rules of Civil Procedure.

We emphasize that whether a document filed with a court is a "letter" or some other type of written document is irrelevant to a determination of its legal status as a pleading. A court should instead consider, based on the totality of the circumstances surrounding the pleading, whether the substance of the document before the court is an answer. Compliance with the Rules of Civil Procedure's requirements is of course highly indicative that a document is an answer, but it is not necessarily decisive. It does, however, provide a useful starting place for analysis.

With these guidelines in mind, we now turn to the facts before us. N.C.R. Civ. P. 10(a) requires that every pleading have a caption that states the court in which the action is filed, the title of the action, and a designation of the document's purpose (i.e. complaint, answer, etc.). Rule 10(b) requires that "[a]ll averments of claim or defense

shall be made in numbered paragraphs." The letter in this case complies with none of these requirements; however, these "technical" defects are not dispositive.

The rules require that in an answer a defendant "shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." N.C. R. Civ. P. 8(b). As we have noted, the comment to the section states that it "sets forth the basic directive for defensive pleading." N.C. R. Civ. P. 8 cmt. In the present case, when read in isolation, Ballard's letter again fails to satisfy the rule's requirement. The letter raises no defenses to the plaintiff's three claims. Nor does it answer the allegations of the plaintiff's complaint—neither denying nor admitting the facts alleged by the plaintiff. Instead, the letter offers partial payment of the plaintiff's claim and a promise to repay the balance of the principle.

However, as we have established, a document should be read in the context of the surrounding circumstances. In this case, the letter was a response to a complaint which sought to hold Ballard personally liable. In response, Ballard filed a document which essentially admits the liability, stating "[e]nclosed, please find a certified check made payable to Steven Brown for $2,512.59 for accrued interest due through the fourth quarter of 1995," "[l]et me further state that I will pay by certified funds all future interest payments as they become due," "I will also make arrangements to repay the principal of $80,000.00 on the due date of September 28, 1996." When read in context with the plaintiff's complaint, this letter is an admission of liability, essentially admitting the allegations of the complaint and offering to satisfy the claim.

Accordingly, we conclude that the letter in this case is an answer sufficient to satisfy the Rules of Civil Procedure; therefore, the trial court did not err by entertaining and granting judgment on the pleadings. *See Yancey*, 12 N.C. App. at 141-42, 182 S.E.2d at 606.

## II.

Ballard also raises an alternative ground for reversing the trial court, arguing that the letter was not an answer on behalf of himself individually. Given our resolution of the first issue, we can find no merit in this contention. The complaint alleged that Ballard was personally liable, and as Ballard did not deny this in his letter, and in fact stated that he personally would pay the obliga-

STATE AUTO INS. COs. v. McCLAMROCH

[129 N.C. App. 214 (1998)]

tion, the allegation is deemed admitted. *See* N.C.R. Civ. P. 8(d) ("Averments in a pleading . . . are admitted when not denied in the responsive pleading.")

For the reasons given above, the order granting judgment on the pleadings is,

Affirmed.

Judges EAGLES and WALKER concur.