MARC E. JOHNSON, Judge.
| ^Defendant, Dirt Worx of Louisiana, L.L.C. (“Dirt Worx”), appeals a confirmation of default judgment finding it hable to Plaintiff, Citadel Builders, L.L.C. (“Citadel Builders”), in the amount of $1,256,205.39. For the reasons that follow, we affirm.
FACTS & PROCEDURAL HISTORY
Citadel Builders filed a petition for damages on March 27, 2013 against Dirt Worx, alleging Dirt Worx breached a contract to provide demolition work, earthwork and a storm drainage system on a certain construction project. Citadel Builders stated that it had entered into a contract with the Hospital Service District for St. Bernard Parish for the construction of the St. Bernard Parish Hospital. Citadel Builders then entered into a subcontract with Dirt Worx for the stated work on the project. In connection with its subcontract with Dirt Work, Citadel Builders alleged that Dirt Worx failed to pay its suppliers, vendors and subcontractors despite having invoiced and having received payment from Citadel Builders. As a result of this failure, Citadel Builders maintained it had to pay Dirt Worx’s ^suppliers, vendors and *120 subcontractors. Citadel Builders also asserted Dirt Worx failed to complete the work under the contract, thus requiring Citadel Builders to pay other contractors to complete the work. Citadel Builders sought damages under the contract in the amount of $1,306,669.54.
' On April 26, 2013, Citadel Builders filed a motion for preliminary default, stating that Dirt Worx was served with the citation and petition on April 10, 2013 and had yet to respond to the petition. The trial court entered a preliminary default the same day.
On May 30, 2013, a letter from Dirt Worx to Citadel Builders’ attorney, Ashley Robinson, was filed into the record. The letter, signed by Dirt Worx’s registered agent Leigh Saia, stated, in its totality:
I’m writing in response to your petition for damages as outlined in case 725-313 Citadel Builders. Dirt Worx of Louisiana, LLC denies all claims mentioned. If you have any supporting documents to your claim, please forward them to our office for review.
The Clerk of Court for the 24th Judicial District Court filed the letter as an. “Answer to Original Petition” and charged a filing fee for the “answer,” which was paid by Dirt Worx.
A few months later, on August 19, 2013, Citadel Builders, through its attorney, sent a letter to Ms. Saia, via FedEx and certified mail, stating that it intended to file a motion to confirm default judgment against Dirt Worx for its failure to file an answer. Citadel Builders indicated that it never received the letter “purporting to be a response to the petition” that Dirt Worx filed with the clerk of court. Citadel Builders informed Dirt Worx that the letter was not an answer to the petition because it did not meet the requirements set forth in the Code of Civil Procedure. It further advised Dirt Worx that insofar as the letter purported to be a pleading, it was filed by a non-lawyer in violation of La. R.S. 37:213.
|/Thereafter, on September 4, 2013, Citadel Builders filed a Motion to Strike Answer on the basis Dirt Worx’s letter was not an answer because it did not meet the requirements of La. C.C.P. arts. 853, 854 and 1005, and that the “answer” was filed by a non-lawyer who cannot appear on behalf of a limited liability company. The trial court signed an order the same day granting the motion and striking Dirt Worx’s “answer” from the record.
Also on September 4, 2013, Citadel Builders filed a motion for final default judgment, seeking to confirm the preliminary default. It attached various exhibits, including the contract at issue, an affidavit from the project manager, and numerous accounting documents,' to its motion to prove the breach of contract and resulting damages. On the same day, the trial court rendered judgment in favor of Citadel Builders against Dirt Worx in the amount of $1,256,205.39, plus legal interest.
One week later, Dirt Worx, now represented by counsel, filed a motion for new trial claiming the confirmation of default judgment was contrary to the law because its answer was erroneously stricken without a contradictory hearing and Citadel Builders failed to give proper notice of its intent to confirm the default. After a hearing on the motion for new trial, the trial court denied the motion. This appeal follows.

ISSUES

On appeal, Dirt Worx argues that the trial court erred in striking its answer without a contradictory hearing. It further argues the confirmation default judgment was improperly rendered because Citadel Builders did not give proper *121 | Rnotice to Dirt Worx, who had made an appearance through its answer, of its intent to confirm the default.[1]

LAW & ANALYSIS

A default judgment may be entered against a defendant who fails to timely answer a petition. La. C.C.P. art. 1701. A judgment of default must be confirmed by “proof of the demand that is sufficient to establish a prima facie case.” La. C.C.P. art. 1702(A). Additionally, to confirm a default judgment, the plaintiff must provide a certification indicating the type of service made on the defendant, the date of service, and the date the preliminary default was entered. The clerk must further certify that he or she examined the record, the date of that exam, and that no answer or other opposition has been filed. La. C.C.P. art. 1702.1. If the party in default has made an appearance in the record, notice of the date of the preliminary default must be sent by the party obtaining the judgment of default by certified mail to the party in default at least seven days before confirmation of the judgment of .default. La. C.C.P. art. 1702(A).
A defendant may file his answer at any time prior to. the confirmation of a default judgment against him, and any confirmation of a default judgment after the answer has been filed is an absolute nullity. La. C.C.P. arts. 1002 and 2002; Ackel v. Ackel, 05-97 (La.App. 5 Cir. 5/31/05); 905 So.2d 1137, 1138-39.
The first issue before us is whether the letter filed into the record by Dirt Worx constitutes an answer. This issue appears to be res nova in Louisiana.
Louisiana Code of Civil Procedure Article 1003 provides that in an answer a defendant “shall admit or deny the allegations of the petition ... [and] state in short and concise terms the material facts upon which the defenses to the action asserted [ (;are based.” This article embodies the substantive purpose of an answer, which is to respond to the allegations of a petition.
“No technical forms of pleading are required” in Louisiana and “[e]very pleading shall be construed as to do substantial justice.” La. C.C.P. arts. 854 and 865. The Louisiana Supreme Court has explained:
Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. Articles of the Code of Civil Procedure are to be construed liberally and with due regard for the fact that forms of procedure implement the substantive law and are not an end in themselves.... “Pleading is the ‘handmaid rather than the mistress’ of justice.”
(Internal citations omitted.) Teachers’ Retirement System of Louisiana v. Louisiana State Employees’ Retirement System, 456 So.2d 594, 596 (La.1984). The law and jurisprudence is clear that harsh rules of procedure are not favored and that pleadings should be liberally construed so as to serve the ends of justice rather than technical niceties. Buckley v. Nat Harrison & Associates, 245 So.2d 522, 524 (La.App. 3rd Cir.1971).
Whether a document filed with a court is a “letter” is irrelevant to a determination of its legal status as a pleading. Rather, a court should consider, based on the totality of the circumstances surrounding the pleading, whether the substance of *122 the document before the court is an answer. While compliance with the requirements of the Code of Civil Procedure is highly indicative that a document is an answer, it is not necessarily decisive.
In Brown v. American Messenger Services, Inc., 129 N.C.App. 207, 498 S.E.2d 384 (1998), review denied, 348 N.C. 692, 511 S.E.2d 644 (1998), the North Carolina appellate court held that a letter that is filed with the court and substantively responds to a complaint may constitute an answer notwithstanding its failure to comply with all the technical requirements of the Rules of Civil 17Procedure. In Brovm, the plaintiff filed suit claiming the defendant had defaulted on a promissory note. After being served with the suit, the defendant filed a letter with the court that was addressed to the plaintiffs lawyer. In the letter, the defendant offered partial payment of the plaintiffs claim and promised to repay the balance of the principal on the note. The plaintiff subsequently moved for judgment on the pleadings, alleging the letter was an answer, which was granted.
The appellate court upheld the judgment on the pleadings, specifically finding the letter constituted a sufficient answer under the Rules of Civil Procedure. The court acknowledged that the letter did not contain the title of the action, a designation of its purpose (i.e. complaint, answer, etc.), or numbered paragraphs as required by the Rules of Civil Procedure. It also admitted the letter did not admit or deny the facts alleged by the petition. Nonetheless, the court found the letter was in response to a complaint, and that when it was read in context with the complaint, the letter essentially admitted the allegations of the complaint by offering to satisfy the claim. As such, the court concluded the letter was an answer.
Additionally, in Barrell v. Gibson, 153 Ga.App. 621, 266 S.E.2d 308 (1980), the Georgia appellate court found that a short letter filed by the defendant into the court record was sufficient to constitute an answer even though it was not in the legal form of an answer. The court noted that the letter, which denied the alleged indebtedness, was a general denial of the allegations and was sufficient to preclude a default judgment.
We find these cases highly persuasive. The letter in this case contains the same technical defects as that in Brown. In particular, the letter fails to contain a caption, a designation of the pleading, or numbered paragraphs as required by La. C.C.P. arts. 853 and 854. However, unlike Brovm, the letter identifies the case | ¿number, division of court and the parties involved. Additionally, the letter contains a general denial of all claims contained in Citadel Builders’ petition; specifically, the letter states it is being written in response to Citadel Builders’ petition for damages in case 725-313 and states “Dirt Worx of Louisiana, LLC denies all claims mentioned.” Mindful that our law and jurisprudence dictates that courts should focus on substance instead of technicalities, we find the letter filed with the Clerk of Court by Dirt Worx, despite its technical deficiencies, sufficiently responds to the allegations of the petition so as to constitute an answer.
Having determined the letter constituted an answer, we must next determine whether the trial court erred in granting Citadel Builders’ motion to strike the answer without a hearing. La. C.C.P. art. 964 provides:
The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter.
*123 (Emphasis added.) Under the plain wording of the article, the trial court was required to hold a hearing prior to striking Dirt Worx’s answer. See also Pettus v. Atchafalaya Wildlife Protective Soc., 351 So.2d 790, 793 (La.App. 1st Cir.1977). Thus, we find the trial court erred when it granted the motion to strike without holding a hearing. However, we find that the trial court’s failure to hold a contradictory-hearing in this case was harmless error. See State v. W.A.S., 629 So.2d 1209, 1212 (La.App. 1st Cir.1993) (“failure to hold a contradictory hearing in the instant case was harmless error”).
A procedural error warrants reversal only when the error was prejudicial in that the error, when compared to the record in its totality, had a substantial effect on the outcome of the case. The party alleging error has the burden of showing that the error was prejudicial. Neumeyer v. Terral, 478 So.2d 1281, 1285 (La.App. 5th Cir.1985), writ denied, 481 So.2d 631 (La.1986). When a review of the entire record clearly indicates the correctness of the lower court’s judgment and that justice has been done, that judgment will not be overturned because of an error of law that did not affect the merits. State v. WA.S., supra.
In this case, Citadel Builders filed its motion to strike, in part, on the basis that the answer filed by Dirt Worx was filed by a non-attorney on behalf of a limited liability corporation in violation of La. R.S. 37:213. La. R.S. 37:213(A) provides that a limited liability corporation, except one formed for the practice of law, may not practice law. La. R.S. 37:212(C) provides an exception to this rule and allows an authorized partner, shareholder, officer, employee, or duly authorized agent or representative of a corporation or other legal entity to defend any claim under $5,000. In Citadel Builders’ petition, it sought damages in excess of one million dollars. Therefore, the exception under La. R.S. 37:212(C) does not apply in this case, and Dirt Worx, as a limited liability corporation, could not represent itself through its registered agent for service of process who is not licensed to practice law. See First Bank and Trust v. Proctor’s Cove II, LLC, 13-802, *7-8 (La.App. 5 Cir. 9/24/14), 150 So.3d 418, 425-426. Because Dirt Worx’s answer was filed by Leigh Saia, who was not licensed to practice law in this state, the trial court properly struck the answer from the record. Id. Accordingly, we find the trial court’s failure to hold a hearing on the motion to strike was harmless.
Dirt Worx next argues that the confirmation of default judgment was improper because Citadel Builders failed to give notice that it intended to confirm the default as required under La. C.C.P. art. 1702. As stated above, when a party has made an appearance in the record, notice of the date of the entry of default must be sent to the party in default by certified mail at least seven days before the | ^confirmation of the default judgment. La. C.C.P. art. 1702. Dirt Worx maintains that the letter it filed into the record was, at a minimum, an appearance and, therefore, Citadel Builders was required to give notice before confirming the default judgment.
In Hicks v. Steve R. Reich, Inc., 38,424 (La.App. 2 Cir. 5/12/14); 873 So.2d 849, the Second Circuit found that the defendants had appeared for purposes of Article 1702 when they filed exceptions of no right of action and no cause of action, even though the exceptions were subsequently stricken pursuant to the plaintiffs motion to strike. The court reasoned that the defendants’ filing of exceptions, even though later stricken, demonstrated in a formal way that they intended to litigate their rights. The court found that the *124 striking of the exceptions did not erase the plaintiffs obligation to refrain from confirming the judgment of default without notice to the defendants who had filed pleadings constituting an appearance of record. It further noted that its conclusion was in harmony with the provisions of La. C.C.P. art. 5051, which state that the articles of the Code of Civil Procedure are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves. Id. at 852.
Likewise, we find that the filing of the letter by Dirt Worx into the record formally indicated its desire to litigate its rights and, therefore, constituted an appearance of record for purposes of La. C.C.P. art. 1702. The subsequent striking of the letter as an answer simply removed a procedural barrier to Citadel Builders’ ability to confirm the default: it did not erase Citadel Builders’ obligation to give notice to a party who has appeared prior to confirming the default judgment.
Dirt Worx claims that Citadel Builders failed to give notice of its intent to confirm the default judgment. To the contrary, the record shows that on August Inl9, 2013, sixteen days before filing a motion to confirm the default judgment, Citadel Builders sent a letter to Dirt Worx, via certified mail and overnight Federal Express, stating that it “intended] to file a motion to confirm default judgment against Dirt Worx of Louisiana, LLC (‘Dirt Worx’) within ten days of the date of this letter based on Dirt Worx’s failure to file an answer.” The letter further stated that Citadel Builders did not believe the letter filed into the court was a valid answer and noted that it should be stricken from the record. As such, we find that Citadel Builders sufficiently complied with the notice requirement of La. C.C.P. art. 1702; thus, we find no merit to Dirt Worx s claim that the default judgment was confirmed without the required notice.

DECREE

For the foregoing reasons, we affirm the trial court’s confirmation of default judgment. Defendant, Dirt Worx, is assessed the Costs of this appeal. '

AFFIRMED

. Dirt Worx does not challenge the sufficiency of the evidence as it relates to the confirmation of default judgment or the amount awarded in the judgment.